Hillsborough, }
May 2, 1911. }

## LUND v. BULL.

A discharge in bankruptcy does not constitute a bar to an action for the recovery of money obtained from the plaintiff by actual fraud on the part of the defendant.

A creditor who has proved his claim in bankruptcy proceedings is not thereby precluded from showing that the debt arose out of the bankrupt's fraud and from recovering the amount due him in an action of assumpsit.

CASE, for obtaining money from the plaintiff by fraud and false representations. Trial by jury and verdict for the plaintiff. Transferred from the September term, 1910, of the superior court by *Wallace*, C. J., on the defendant's exception to the denial of a motion for the direction of a verdict in his favor.

*Albert Terrien* and *Doyle & Lucier*, for the plaintiff.

*Ivory C. Eaton*, for the defendant.

BINGHAM, J. This is an action of tort in which the plaintiff seeks to be recompensed in damages for money obtained from her through the fraud of the defendant. There was a trial by jury and verdict for the plaintiff. After the plaintiff's right of action accrued the defendant became bankrupt and later procured a discharge in bankruptcy. The plaintiff proved her claim in the bankruptcy proceedings, but received no dividend, as there were no assets with which to pay dividends. The questions for consideration arise on the denial of the defendant's motion to direct a verdict in his favor.

The defendant's contentions are (1) that the plaintiff by proving her claim in the bankruptcy proceedings affirmed the contract and waived the tort, and cannot now maintain her action for the fraud; and (2) that by proving her claim in bankruptcy she precluded herself from showing that the money in question was procured from her by fraud and that her debt was not barred by the discharge.

Prior to the amendment of the federal bankruptcy act in 1903, debts which originated in or were founded upon an "open account, or upon a contract express or implied," were provable against a bankrupt's estate, and were barred by a discharge in bankruptcy if they were not created through the fraud of the bankrupt; and if

they were so created they might also be barred, provided they had not been reduced to judgments, or were not created by the bankrupt while acting as an officer or in a fiduciary capacity. *Crawford* v. *Burke*, 195 U. S. 176; *Tindle* v. *Birkett*, 205 U. S. 183. But since the amendment (32 U. S. Stat., *p*. 798), the nature of the debts included within the exceptions have been changed by providing that a discharge shall not release the bankrupt from "liabilities for obtaining property by false pretenses or false representations," or those "created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer." *Mackel* v. *Rochester*, 135 Fed. Rep. 904, 906. As a consequence of this change in the statute, it is now held that debts procured through fraud, whether reduced to judgments or not, are not barred by a discharge; and that under this act, as well as under the act of 1867, the fraud inducing the contract or debt must be actual, as distinguished from fraud in law. *Ames* v. *Moir*, 138 U. S. 306; *Mackel* v. *Rochester*, *supra*; *Ely* v. *Curtis*, 60 N. H. 513. This being so, and it appearing that the defendant procured the money in question from the plaintiff by actual fraud, the discharge in bankruptcy is not a bar to the action.

Is the plaintiff, by reason of having proved her debt in the bankruptcy proceedings, precluded from showing that it arose out of the defendant's fraud, and from recovering the amount due her in this or some appropriate action?

In *Crawford* v. *Burke, supra*, it was held that if a debt is founded upon an open account, or upon a contract express or implied, it may be proved in bankruptcy, though the creditor has previously brought trover for fraudulent conversion, instead of assumpsit for the balance due. See, also, *Frey* v. *Torrey*, 70 N. Y. App. Div. 166; *S. C.*, 175 N. Y. 501.

In *Standard etc. Co.* v. *Kattell*, 132 N. Y. App. Div. 539, where the plaintiff had brought a prior action in assumpsit, and also proved his debt in bankruptcy and received a dividend covering a portion of his claim, it was held that proof of the debt in the bankruptcy proceedings was not a waiver of his right to maintain an action *ex delicto* for the fraud, and that the action of assumpsit, not being for the same cause, was not a bar to the action of tort. It would seem, however, that the reasoning of the court in this case was unsound, if the action pleaded to sounded in tort and the plaintiff at the time he brought the prior action of assumpsit was aware of all the facts essential to a free choice; for by bringing the action of

assumpsit he affirmed the contract as the basis of his cause of complaint, and having done this with a knowledge of all the facts, would be bound by his election. *Noyes* v. *Edgerly*, 71 N. H. 500, 504, 505. And if the action pleaded to were to be regarded as brought upon the contract, and the plea as alleging a prior action pending upon the same contract, it would seem that the reasoning was equally unsound, and that the defendant was entitled to have the later suit dismissed and the plaintiff remitted for the enforcement of his rights to the prior action, where he would be allowed to recover the balance due on the contract, notwithstanding the plea of discharge in bankruptcy. *Stewart* v. *Emerson*, 52 N. H. 301, 310; *Cole* v. *Putnam*, 61 N. H. 422; *Mackel* v. *Rochester*, 135 Fed. Rep. 904, 908.

In *Stewart* v. *Emerson*, *supra*, the action was assumpsit for the price of goods sold. The defendant pleaded a discharge in bankruptcy, and the plaintiff replied that the debt was created by the fraud of the defendant. The question was whether the plaintiff was estopped, having brought his suit upon the contract, from setting up fraud in his replication; and it was held, Judge *Doe* delivering the opinion, that he was not. It was there said (*p.* 310): "The plaintiff declares upon a promise of the defendant to pay for goods sold, and, if he maintains his action, he maintains it upon the contract of sale affirmed by him. When a party has an election between two inconsistent rights or remedies,—for instance, when he can rely upon a contract, or renounce the contract and rely upon fraud,—and he has knowledge of all the facts material to be known in making a choice, his selection of one may be a renunciation of another. *Butler* v. *Hildreth*, 5 Met. 49. But the plaintiff in this case avers the fraud of the defendant, not as the plaintiff's cause of action, but as a refutation of the defendant's alleged defence of discharge. The plaintiff claims to recover damages, not for the defendant's fraud, but for the breach of his promise to pay for the goods bought; and in the replication he alleges the fraud, not as the ground on which his action rests, but to show that there is no ground on which the defendant's discharge can be applied to this debt. He asserts, not that the sale was void for fraud, but that, by reason of fraud, the debt was not discharged under the bankrupt act. He asserts the fraud, not for the purpose of rescinding the contract, but to show that the defendant has not been relieved from his obligation to perform his part of the contract."

If, therefore, the plaintiff, by proving her claim in the bankruptcy proceedings, might under certain circumstances be held to

have made an election and waived her right to sue in tort, it cannot be so held in this case, as it does not appear that at the time of proving her claim she was aware of all the material facts essential to a free choice. And if these facts were proved, there is no reason why she should not be permitted to amend her writ by filing a declaration in assumpsit, and to recover the damages she sustained by reason of the defendant's failure to keep his promise to repay the money loaned. *Sanborn* v. *Railroad, ante,* 65; *Gould* v. *Blodgett,* 61 N. H. 115.

*Exception overruled.*

All concurred.