## CHARLES D. ZIEGLER v. JOHN SUGGIT and Another.[1]

### May 31, 1912.

### Nos. 17,601—(118).

**Discharge of bankrupt — character of the debt.**

In determining whether a judgment represents a liability for obtaining money by false pretenses or false representations, within the meaning of the provision of the bankruptcy act, excepting such a liability from release by a discharge of the debtor in bankruptcy, resort will be made to the pleadings and decision or verdict in the case.

**Same — general and special verdict construed.**

The complaint in this case stated a cause of action for breach of contract, and also alleged fraudulent representations. The jury returned a general verdict for plaintiff, and a special finding that defendant had not made fraudulent representations. *Held*, that this conclusively shows that the judgment entered on such verdict was not a liability for obtaining money by false pretenses or false representations.

**Injunction against collection of debt.**

The debt being provable in the bankruptcy proceedings, actually scheduled, and not within the exception referred to, it was released by the discharge in bankruptcy, and defendant was entitled to an order restraining proceedings to collect the judgment and perpetually staying proceedings thereon.

**Procedure.**

There was no error in the proceedings leading to the order appealed from.

Plaintiff, having recovered a judgment against defendant in the district court for Hennepin county, garnished his wages. Defend-

1 Reported in 136 N. W. 411.

ant thereupon moved upon the pleadings and files and records in the action, and the files and records in a certain proceeding and discharge in bankruptcy, that plaintiff be forever enjoined from attempting to collect his judgment. The motion was heard by John Day Smith, J., who granted it. From the order granting the motion, plaintiff appealed. Affirmed.

*F. H. Castner* and *F. J. Geist,* for appellant.

*S. M. Bailey* and *A. C. Middelstadt,* for respondent.

BUNN, J.

Appeal from an order of the district court for Hennepin county, granting a motion of defendant to enjoin proceedings for the collection of and to permanently stay execution upon a judgment in the action in plaintiff's favor and against defendant. The judgment was rendered April 11, 1911. July 22, 1911, defendant was duly discharged in bankruptcy by the United States District Court.

The only question that merits any discussion is whether the judgment was released by the discharge in bankruptcy. It clearly. was, unless it was "a liability for obtaining property by false pretense or false representations," under section 17, subd. 2, of the Bankruptcy Act.

The question of the nature of the liability represented by the judgment must be determined by a reference to the pleadings and decision in the case. The complaint alleged that plaintiff furnished defendant $2,000 upon representations and the agreement of defendant that it was to be invested in Canada lands, which defendant was, within ninety days, to purchase for plaintiff, and resell for him at a profit. The complaint alleged that defendant had failed to furnish the lands, or a conveyance of or contract for the same, though demanded. It also alleged that the representations made by defendant were false and fraudulent. In short, the complaint pleaded a good cause of action for breach of contract, and also, we will assume, a good cause of action for fraud. The relief demanded was judgment for the $2,000 so furnished to defendant.

On the trial, the court, of its own motion and without objection, submitted two special questions to the jury. A general verdict for

plaintiff was returned for the $2,000 and interest, and the special questions were answered. One of the questions was as to whether defendant was guilty of fraud or deceit, whether he made false and fraudulent statements to plaintiff, and whether his purpose was intentionally fraudulent. This question was answered, "No." This shows clearly that the jury found a breach of contract, but that there was no fraud. This finding is entirely consistent with the pleadings, and conclusively settles the question as to the nature of the liability represented by the judgment stayed. It was not a liability for obtaining money by false pretenses or false representations. As the debt was one that was provable in the bankruptcy proceedings, was actually scheduled in time for proof and allowance, and was not within the exceptions as to debts not affected by a discharge, the conclusion follows that it was released by the discharge, and that the order perpetually staying execution on the judgment was correct. Cavanaugh v. Fenley, 94 Minn. 505, 103 N. W. 711, 110 Am. St. 382.

There is no merit in any of the numerous technical points urged by plaintiff. It was within the discretion of the trial court to receive oral evidence on the hearing of the motion. It was also discretionary to require the jury to answer special questions, in addition to returning a general verdict. We have considered the other assignments of error, and find none of them well taken.

Order affirmed.