## CHARLES D. ZIEGLER v. JOHN SUGGIT.[1]

May 14, 1915.

Nos. 19,040—(47).

**Judgment — former cause of action identical.**

    In an action brought by plaintiff against the defendant and two others for conspiracy and fraudulent representations, *held*, that the pleadings, records, files and judgment in a former action between the plaintiff and the defendant

[1] Reported in 152 N. W. 754.

Suggit show that the cause of action is the same and that this action is
barred by the former adjudication.

Action in the district court for Hennepin county to recover $5,-
000. The motion of defendant Suggit to strike out the reply of
plaintiff to his separate answer, and for judgment on the pleadings,
was granted, Steele, J. From the judgment entered pursuant to
the order for judgment, plaintiff appealed. Affirmed.

*Harold Harris,* for appellant.

*Frank H. Castner* and *Brooks & Jamison,* for respondent.

SCHALLER, J.

This action was brought by the plaintiff to recover damages al-
leged to have been sustained by reason of a conspiracy to defraud
the plaintiff, entered into by three defendants, John Suggit, W.
F. Hepburn and D. W. Harvey. The facts of the conspiracy are
set out as well as the false representations made in pursuance there-
of, and the fact that the plaintiff, relying upon such representa-
tions, paid to the defendant Suggit the sum of two thousand dol-
lars.

The defendant Suggit, who was the only one served with the
summons and complaint and the only one who appeared, sets up
a prior adjudication in an action against him by the same plain-
tiff and upon the same cause of action, and alleges that said action
was tried and terminated and judgment had against him for the
sum of $2,000, interest and costs, and that judgment was based
on the same cause of action. As part of the answer the defendant
sets forth the pleadings, verdict and judgment in the former action,
and order of discharge in bankruptcy in the United States District
Court. The reply admits that the actions and proceedings referred
to had been had, brought and determined, but otherwise denies
the allegations of the answer. The defendant thereupon moved to
strike out the reply and for judgment upon the pleadings. This
motion for judgment was made upon the ground that all of the
matters, things, claims and demands by or on behalf of plaintiff
against the defendant had been fully litigated, tried and determined

in due and proper proceedings and actions in the courts and in the cases referred to and set forth in the separate answer of this defendant.

It was based upon the verified answer of the defendant and upon all the pleadings, files, records and proceedings referred to in defendant's separate answer herein and upon the minutes of the stenographic reporter duly taken at the time of the trial in the former case, and upon all the pleadings, records and files in this action.

Said motion was duly heard and an order was thereafter duly made granting the said motion to strike out said reply and ordering judgment in favor of the defendant and against the plaintiff, that the plaintiff take nothing by this action, and for defendant's costs and disbursements. Judgment was entered upon said order, from which judgment the plaintiff appeals.

An examination of the entire record satisfies us that the judgment appealed from and the order upon which it is based are correct.

The facts upon which this cause of action is based, as disclosed by the record, are the same. The transaction to be investigated is the same and the cause of action, although amplified in the complaint herein, is substantially the same cause of action set up in the former complaint. The former action was based upon conversion and also upon substantially the same fraudulent representations that are here relied upon. On the trial of the former action, fraud and misrepresentation by Suggit were alleged and attempted to be proved. A special question was framed, and, in answer to that question, the jury found that Suggit was not guilty of any fraud, misrepresentation or of any fraudulent purpose.

On the trial of the former action between the plaintiff and this defendant, it was specifically found that the defendant was not guilty of any fraud or deceit, that he made no false and fraudulent statements to the plaintiff and that his purpose was not intentionally fraudulent.

"One of the questions was as to whether defendant was guilty of fraud or deceit, whether he made false and fraudulent statements to plaintiff, and whether his purpose was intentionally fraud-

ulent. This question was answered 'No.' This shows clearly that the jury found a breach of contract, but that there was no fraud. This finding is entirely consistent with the pleadings, and conclusively settles the question as to the nature of the liability represented by the judgment stayed. It was not a liability for obtaining money by false pretenses or false representations." Bunn, J., in Ziegler v. Suggit, 118 Minn. 74, 136 N. W. 411.

We do not think that the fact that two other defendants are joined with Suggit in this action affects the result, for it clearly appears that the plaintiff had no transactions with Hepburn or Harvey, who are residents of Canada, and that all his dealings were had with Suggit only.

Judgment affirmed.

HALLAM, J., took no part.