## CHARLES D. ZIEGLER v. WILLARD R. CRAY AND ANOTHER.[1]

### June 13, 1919.

### No. 21,150.

**Action for attorney's negligence — sufficiency of complaint.**

Upon an objection to a complaint upon the ground that the facts alleged do not state a cause of action, first made after the impaneling of the jury and when the taking of evidence is commencing, every reasonable intendment is indulged in favor of its sufficiency. Applying this rule it is *held* that a complaint which alleged that the plaintiff had a cause of action against another for fraud; that the defendant, employed as his counsel to prosecute it, understood that such other had threatened to obtain a discharge in bankruptcy, and would do so and avoid liability unless the action were so conducted that it would result in a judgment based on fraud and therefore not dischargeable; that suit was brought and a verdict rendered for the plaintiff, and that the proceeding was so negligently conducted that the verdict was lost to the plaintiff, is sufficient, although it was not directly alleged that the verdict was based on contract instead of on fraud, nor that the defendant in the action received a discharge in bankruptcy.

[1]Reported in 172 N. W. 884.

Action in the district court for Hennepin county to recover $5,000 for negligence while acting as plaintiff's attorneys. The separate answer of defendant Cray alleged that two other attorneys were employed by plaintiff at his own instance in the matter of the claim in question, and, after the return by the jury of the verdict mentioned in the opinion, defendant took no further steps or proceedings and with the consent of plaintiff ceased to act as his attorney in the action. When the case came on for trial before Molyneaux, the jury had been called and sworn, and a witness for plaintiff had been sworn, defendant Cray's objection to the introduction of any evidence on the ground that the complaint did not state a cause of action was sustained, and his motion to dismiss the action was granted. From the judgment dismissing the action on the ground that the complaint did not state a cause of action, and from the order denying his motion for leave to amend the complaint, plaintiff appealed. Reversed.

*Walter P. Wolfe* and *James Manahan,* for appellant.

*Keith, Kingman, Cross & Wallace,* for respondent.

DIBELL, J.

This is an action to recover damages alleged to have been sustained by the negligence of the defendant while acting as attorney of the plaintiff. The plaintiff appeals from the judgment for the defendant. The question argued at length is whether the complaint states a cause of action.

Objection to the sufficiency of the complaint was first made after a jury was impaneled and when a witness was on the stand and evidence was about to be taken. Upon an objection so made every reasonable intendment is indulged in favor of the sufficiency of the complaint. Dunnell, Minn. Dig. and 1916 Supp. § 7687, and cases cited.

The plaintiff had a cause of action against one Suggit for money obtained by fraud and misrepresentation. The defendant and another were counsel for the plaintiff. The complaint alleges:

"That at the time of undertaking the said employment, by the defendants, plaintiff fully and fairly disclosed all the facts of said case to the defendants, and the defendants well knew and understood that the said John Suggit against whom said claim was to be brought, had procured money from the plaintiff by fraud and misrepresentation and.

that the said Suggit warned the plaintiff and the defendants, that if a judgment was procured against him, that he would immediately file a petition in bankruptcy and have the same discharged, and the defendants well knew and understood that a complaint was to be framed in said action on the ground of fraud and misrepresentation so that a verdict and judgment rendered thereon would not be discharged by operation of the Federal Bankruptcy Law, and that defendants well knew and understood that in prosecuting said case and the trial thereof that the object and theory was to have a judgment therein that could not be discharged in bankruptcy."

It is then alleged that an action was brought and a trial had which resulted in a verdict for the plaintiff for $2,000. It is further alleged that the defendant did not use due care and skill in the prosecution of the action and in the conduct of the trial and that by reason of his negligence the verdict was lost to the plaintiff. It is not alleged that Suggit went into bankruptcy or that there was a discharge in bankruptcy. It is not alleged whether the verdict was recovered upon contract or on fraud. There is the specific allegation that the cause of action was one properly based on fraud and that it was understood to be important that the judgment be for fraud so as to avoid the effect of a discharge in bankruptcy. There is a final allegation that by reason of the negligence of the defendant the verdict against Suggit was wholly lost to the plaintiff.

We have reached the conclusion that it was error to sustain the objection to the admission of testimony upon the ground that the complaint did not state a cause of action. The rule by which we must be guided we have stated. The complaint is indefinite and is subject to numerous just criticisms. An allegation of negligence is largely one of ultimate fact. The defendant was entitled, on motion, to have the charges of the complaint made definite and specific. No objection to the complaint was suggested until the trial had commenced. Indulging every intendment in favor of the sufficiency of the complaint we hold that it was error to sustain the objection.

Order reversed.

BROWN, C. J. (concurring).

Although it appears quite probable that plaintiff has in fact no cause

of action on the merits, it does not conclusively so appear, and I therefore concur in a reversal for the reasons stated in the opinion of the court.

HOLT, J. (dissenting).
I dissent.