Rockingham,
Feb. 1, 1921.

HARRY RAYMOND *v*. MAX COHEN.

TROVER, for junk. The defendant pleaded his discharge in bankruptcy.

The plaintiff's evidence tended to prove that he let the defendant have money to invest in metals, and that the defendant bought therewith old copper, brass, lead, composition, zinc, etc., on the plaintiff's account and stored it in the defendant's cellar. From time to time the defendant sold portions of it and accounted to the plaintiff for the price received. The defendant finally sold the balance in a lump, without right. At first he denied having sold it, but a few days later he confessed to the sale and his use of the money for his own purposes. He promised the plaintiff to repay him, and from time to time made small payments in cash or groceries, to an amount of about $120. For the balance, amounting to $340, the defendant gave the plaintiff his note on April 18, 1910. The plaintiff testified that he understood the note to be a receipt for the metals, and that he could not read or write English. He had previously learned that the metals had been sold by the defendant.

The defendant's evidence tended to prove that in September, 1911, the defendant filed his petition to be adjudged a bankrupt. The petition was granted. The plaintiff was duly scheduled as a creditor, but never filed or proved his claim. The defendant was discharged from all provable debts, by decree of the federal court, on February 27, 1912.

The court ruled that the plaintiff's claim was provable, and that the discharge was a bar to this action, and directed a verdict for the defendant. The plaintiff excepted.

Transferred from the January term, 1920, of the superior court by *Sawyer*, J.

*Sleeper & Brown* (*Mr. Sleeper* orally), for the plaintiff.

*Ernest L. Guptill, Stewart E. Rowe* and *Scammon & Gardner*, for the defendant.

PEASLEE, J. The question here presented was decided in *Lund v. Bull*, 76 N. H. 132.

*Exception sustained.*

All concurred.