## CHARLES D. ZIEGLER v. WILLARD R. CRAY.[1]

### April 22, 1921.

### No. 22,104.

**Negligence of attorney in conduct of litigation not proved.**

In an action against an attorney at law for damages resulting from his alleged negligence in the conduct of certain litigation for plaintiff, the evidence is *held* not to make a case for recovery.

After the former appeal reported in 143 Minn. 45, 172 N. W. 884, the case was tried before Leary, J., who when plaintiff rested granted defendant's motion to dismiss the action on the ground that plaintiff had wholly failed to adduce in evidence any facts sufficient to constitute a valid cause of action. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*James Manahan* and *Walter P. Wolfe,* for appellant.

*Kingman, Cross, Morley & Cant* and *L. K. Eaton,* for respondent.

BROWN, C. J.

This action, one to recover damages for the alleged negligence of defendant, an attorney at law, in the conduct of certain litigation as counsel for plaintiff, was before the court on a former appeal. 143 Minn. 45, 172 N. W. 884. The question then presented, raised by motion on the trial, was whether the complaint stated a cause of action, the trial court having ruled that it was defective. After due consideration in this court, the complaint was held sufficient in its statement of facts, and the judgment appealed from was ordered reversed and the cause remanded for trial. At the close of plaintiff's evidence on the second trial, the action

[1] Reported in 182 N. W. 616.

was again ordered dismissed, this time on the ground that the evidence failed to make a case for recovery. Judgment was entered accordingly and plaintiff again appealed.

The only question presented is whether the evidence makes a case of actionable negligence against defendant. We answer it in the negative. It appears that one John Suggit and plaintiff were for some time engaged in the railroad service of the same employer and were neighbors and friends. Neither is shown to have had any previous practical experience in dealing generally in real estate. It is the claim of plaintiff that in June, 1907, Suggit, by means of certain alleged false and fraudulent representations and promises, induced plaintiff to pay over to him the sum of $2,000 to be by him, Suggit, invested in real estate situated in Canada for and in the name of plaintiff; that the representations and promises of Suggit were made to defraud plaintiff, and with no intention of investing the money in property for plaintiff, on the contrary, of converting the same to the use of Suggit; that it was not so invested, and was fraudulently converted to the use of Suggit.

Thereafter, in September, 1908, plaintiff employed defendant to prosecute an action against Suggit to recover the money so paid over for investment, the basis of the action being the alleged fraud and deception by which plaintiff was induced to pay it over to him. Plaintiff claims, and so testified on the trial, that he urged upon the attention of defendant the necessity of procuring a judgment in the action so to be brought, which would not be affected by the Federal bankruptcy act, stating to him that, if judgment were recovered against Suggit, he would immediately file a petition in bankruptcy and thus attempt to avoid payment of the same. The action was subsequently commenced against Suggit, and by the complaint therein, as subsequently amended, presented a claim of recovery upon two grounds, namely (1) for breach of contract, and (2) for fraud. A recovery upon the latter ground would bring the judgment within the exceptions found in section 17 of the Bankruptcy Act, and Suggit's liability thereon would continue notwithstanding a bankruptcy discharge. Suggit's answer put in issue the allegations of fraud and deceit, as well as those charging a breach of contract. At the trial the court of its own motion submitted two specific questions to the jury, to be answered and returned with the general verdict, one of which was whether

plaintiff was induced to enter into the transaction and part with the money by the intentional fraud of Suggit. The jury returned a general verdict for plaintiff, but, in answer to the question referred to them, found that there was no fraud in the conduct of Suggit in the matter, thus confining the recovery in the action to the ground of breach of contract. Judgment was entered accordingly, which has never been paid. As plaintiff anticipated, Suggit filed a petition in bankruptcy and in due course of procedure received his discharge. It was later held that plaintiff's judgment, not having been founded on the claim of fraud, was released by the discharge, thus relieving Suggit from further liability thereon. Ziegler v. Suggit, 118 Minn. 74, 136 N. W. 411.

It is claimed by plaintiff, and he testified accordingly, that, after the return of the verdict and before the entry of the judgment, he conferred with defendant, his attorney in that action, in reference to the force and effect of the judgment when entered, and that defendant advised him that the general verdict in his favor was sufficient to hold the judgment as one based on fraud, notwithstanding the special verdict, and would not be released by a bankruptcy discharge. That in reliance on that advice plaintiff took no steps to obtain a new trial of the issue of fraud, in consequence of which he suffered loss to the extent of the judgment which was so held released. This action was thereafter commenced to recover the amount of the judgment, the basis thereof being the alleged negligence of defendant in so advising plaintiff, and further in his failure seasonably to apply to the court for a new trial of the issue of fraud.

It is well settled law that an attorney is answerable to his client in damages for any abuse of his trust, or for the consequences resulting from his culpable ignorance, negligence or fraud. 1 Dunnell, Minn. Dig. § 674. But we find no basis in the evidence in the case at bar for the charge of negligence or other misconduct on the part of defendant which in any degree contributed to the loss complained of by plaintiff. The evidence presented in the Suggit case falls far short of making a case of fraud, within the meaning of the Bankruptcy Act. Actual or fraud in fact, as distinguished from fraud in law or constructive fraud, is necessary in such cases. Lund v. Bull, 76 N. H. 132, 80 Atl. 141, Ann. Cas. 1912B, 819; Neal v. Clark, 95 U. S. 704, 24 L. ed. 586; Bullis v. O'Beirne, 195 U. S. 606, 25 Sup. Ct. 118, 49 L. ed. 340; 3 R. C. L. 330.

The rulings of the trial court and its instructions and the form of the special verdict were in harmony with that view of the law, and no errors in any other respect were committed for which a new trial properly could have been granted. Had a new trial been applied for on the ground that the special verdict was not justified by the evidence, the granting thereof would have rested in the sound discretion of the trial judge, and whether he would have granted it must remain a matter of conjecture. Presumptively it would not have been granted since the evidence fully supports the verdict. The claim that the attorney advised plaintiff that the judgment would not be affected by the bankruptcy discharge may seriously be doubted. Such is not the law and defendant has been too long at the bar and in active practice not to be perfectly familiar with the point. But, granting plaintiff's contention in this respect, the record makes it clear that an effort to procure a new trial of the Suggit action would have resulted only in further expense to plaintiff. Had the record disclosed a right to a new trial of the particular issue, a different question would be presented. But no such right appears.

We find no merit in the action and the judgment appealed from will be and is affirmed.