MARY LAKEY, Defendant in Error, v. HATTIE HOOPS, Plaintiff in Error.

### St, Louis Court of Appeals, May 9, 1899.

**Justice's Jurisdiction:** STATEMENT FILED A NULLITY. In the case at bar the jurisdiction of the justice attached notwithstanding the defective statement; held it was competent for the justice to allow the statement to be amended so as to comply with the statute.

*Appeal from the Douglass Circuit Court.*—HON. W. W. EVANS, Judge.

AFFIRMED.

S. P. SMITH for plaintiff in error.

There never was any petition filed in this cause to which the statute of amendments would apply.    The code prescribes how a suit must be brought.    "Suits may be instituted in courts of record, except when the statute law of this state otherwise provides.    First, by filing in the office of the clerk of the proper court a petition setting forth the plaintiff's cause or causes of action, and the remedy sought."    R. S. sec. 2013. "May" in this section means "must" or "shall" file, etc.    Steines v. Franklin Co., 48 Mo. 178, and cases cited.    The petition must set forth plaintiff's cause of action, and it must also set forth the remedy sought.    These two facts are conditions precedent to the acquisition of jurisdiction over the parties and subject-matter.    The code prescribes, in another section, what the petition shall contain. It shall contain, *inter alia:* "Third. A demand of the relief to which the plaintiff may suppose himself entitled."    R. S., sec. 2039.    Prayer for judgment, for the relief to which the plaintiff may suppose himself entitled, is the crucial test of a petition.    Paxon v. Talmage, 87 Mo. 18; Gist v. Loring, 66 Mo. 437; Madkins v. Trice,

65 Mo. 656; Oxley Stave Co. v. Whitson, 34 Mo. App. 624; Rigert v. Voelker, 6 Mo. App. 53. Amendments will not lie where there is no petition or statement, and this rule applies in practice before justice courts as well as before courts of record. Oxley Stave Co. v. Whitson, 34 Mo. App. 626; Zimmerman v. Downey, 66 Mo. App. 109, and cases cited. There never was any petition filed in this case, and no amended petition or statement will lie, and for this reason the court should reverse the finding of the lower court, and dismiss the cause.

No brief filed for respondent in error.

BIGGS, J.—This is an action of replevin. The plaintiff recovered judgment before both the justice and in the circuit court. The defendant has brought the case here by writ of error.

There is no bill of exceptions in the case. The defendant insists that upon the face of the record the judgment of the circuit court is a nullity, for the reason that the justice had no jurisdiction to try the case, and that the circuit court acquired none by appeal. The foundation of the contention is that the original statement before the justice and upon which process was issued was a nullity in that it failed to state that the plaintiff was entitled to the possession of the property; that it failed to state and claim damages for the detention of the property, and that it contained no prayer for judgment. The original statement certainly omitted to state a jurisdictional fact, but under the decision in Dowdy v. Wamble, 110 Mo. 280, this did not prevent the justice from issuing process thereon. The jurisdiction of the parties attached notwithstanding the defective statement. Under the same decision it was competent for the justice to allow the statement to be amended so as to comply with the statute.

JURISDICTION.

The further contention that the want of a prayer for judgment rendered the original statement a nullity, is equally

untenable. In courts of record the petition must contain a prayer for the relief to which plaintiff supposes himself entitled. (R. S. 1889, sec. 2039). But this requirement has no application to proceedings before justices of the peace. Such tribunals are regarded as courts of the people, where all formalities in pleadings are discarded and wherein litigants may appear and conduct their own causes. The judgment of the circuit court will be affirmed. All the judges concur.