CARMINO R. COSCARELLA, Respondent, v. MET-
ROPOLITAN LIFE INSURANCE COMPANY.
Appellant.

St. Louis Court of Appeals, June 3, 1913.

1. INSURANCE: Law Governing: Lex Loci Contractus. Where
an insurance contract is negotiated, the policy is delivered
and the premiums are paid in the State in which the insured
resides, the policy is to be construed according to the laws
of that State.

2. LIFE INSURANCE: Misrepresentations by Insured: Statute.
Sec. 6937, R. S. 1909, providing that all representations made
in obtaining life insurance policies are to be treated as im-
material, unless made with respect to a condition of health of
insured which actually contributed to his death, and that
whether the misrepresented fact contributed to his death is
a question for the jury, is applicable to a policy which provides
that no obligation is assumed by insurer unless insured is in
sound health on the date the policy is issued.

3. ———: Evidence: Proofs of Death: Contradiction. Proofs of
death furnished by the beneficiary of a life insurance policy are
admissible in evidence against him, in an action on the policy,
but the statements therein made may be explained or over-
thrown by him, in a proper case.

4. ———: ———: ———: ———: Admissibility of Examin-
ing Physician's Report. In an action on a life insurance policy,
where insurer introduced the proofs of death furnished by the
beneficiary, stating that insured was ill at the time the policy
was issued, in support of its defense based on a provision of
the policy that no obligation was created against insurer unless
insured was in sound health at the time the policy was issued,
it was competent for the beneficiary, for the purpose of rebut-
ting this statement, to introduce the report of insurer's ex-
amining physician, attached to the application for insurance,
stating that insured was in good health at the time, notwith-
standing the fact that the policy provided that it should con-
stitute the entire contract between the parties, since, in view
of the provisions of Sec. 6978, R. S. 1909, the application and
attached report should be considered as part of the contract,
although not attached to the policy.

5. ———: Misrepresentations by Insured: Case for Jury. In
an action on a life insurance policy, where insurer, in support
of its defense based on a provision of the policy that no
obligation was created against insurer unless insured was in

Coscarella v. Insurance Co.

sound health at the time the policy was issued, introduced the proofs of death furnished by the beneficiary, stating that insured was ill at the time the policy was issued, and, for the purpose of rebutting this statement, the beneficiary introduced the report of insurer's examining physician, attached to the application for insurance, stating that insured was in good health at the time, *held* that the question of the liability of insurer was for the jury, under Sec. 6937, R. S. 1909.

6. ————: Application: Part of Contract. An application for life insurance which is accepted and upon which a policy is issued is a part of the contract of insurance.

7. ————: Demand for Payment: Sufficiency. Where the beneficiary of a life insurance policy presented the policy and a receipt book showing premium payments to insurer's superintendent and requested payment of the insurance, and the superintendent, after retaining the policy and receipts for a short time, returned them to the beneficiary and denied all liability thereunder, there was a sufficient demand for payment; in fact, the denial of liability alone would suffice, since the law never requires the doing of a useful act.

8. INSURANCE: Vexatious Refusal to Pay: Damages: Sufficiency of Evidence. In an action on a life insurance policy, damages and an attorney's fee for vexatious delay in the payment of the insurance may be awarded plaintiff, under Sec. 7068, R. S. 1909, although there is no direct and positive evidence of vexatious delay, since the jury may infer that such was the fact from a survey of the facts and circumstances tending to reveal insurer's conduct with respect to the matter, and from a consideration of plaintiff's claim and the fact that it became necessary to institute a suit to collect it; the fact that defendant declined to pay without litigation being, of itself, evidence ending to prove that the delay was vexatious.

9. JUSTICES' COURTS: Life Insurance: Suit on Policy: Allowance of Interest: Pleading. In view of the provisions of Secs. 7412 and 7413, R. S. 1909, where a suit is filed before a justice of the peace on a life insurance policy or other written instrument, and a statement of facts is also filed, the written instrument, and not the statement, is the foundation of the suit; and hence it is proper, in such a case, to allow interest, pursuant to Sec. 7179, R. S. 1909, although the statement contains no demand therefor.

10. ————: Damages: Special Damages: Pleading. The rule that special damages are not recoverable unless they are prayed for in the petition does not obtain in proceedings instituted before justices of the peace, for the reason that formal pleadings are not required in such courts; the statement being sufficient if it informs the defendant with reasonable certainty

of the nature of the cause of action he is called upon to meet, and affords a bar against another suit on the cause of action declared upon.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Nathan Frank, Richard A. Jones* and *Louis B. Sher* for appellant.

(1) Plaintiff's instruction "C" given and read to the jury was erroneous in that it instructed the jury to allow the plaintiff interest on the sum sued for from the date of the suit to the date of the trial. Plaintiff's petition did not demand nor pray for interest and it was, therefore, error to so charge when no interest was asked for. Farrell v. Insurance Co., 61 Mo. App. 153; Shockley v. Fischer, 21 Mo. App. 551; Van Riper v. Morton, 61 Mo. App. 444; Ashby v. Shaw, 82 Mo. 76. (2) Plaintiff's instruction "C" was erroneous in that it failed to charge the jury what the rate of interest should be, if it found such interest for the plaintiff. (3) The provision in an industrial policy that no obligation is assumed by an insurance company unless on the date of the issue of the policy the insured is in sound health, is a valid one. Bell v. Insurance Co., 166 Mo. App. 390; Kilcullen v. Insurance Co., 108 Mo. App. 61; McGregor v. Insurance Co., 136 S. W. 889. (4) The court erred in permitting plaintiff to offer in evidence the application of the insured for the policy in suit, together with the report of the medical examination, for the reason that the policy provided that it contained the entire agreement between the company and the insured and the owner and holder thereof. Kelly v. Life Ins. Co., 152 Ill. App. 179; Rhodus v. Ins. Co., 137 S. W. 907. (5) There was no evidence in the record of any demand by plaintiff or anyone for him, prior to the institution of this

suit, and no evidence to warrant the submission of a
finding against the appellant of statutory damages and
attorney's fee for vexatious refusal to pay.  Hull v.
Insurance Co., 79 Ga. 93; Life Assur. Co. v. Sturdivant,
24 Tex. Civil App. 331; Insurance Co. v. Maner, 101
Tex. 553.  (6) The verdict of the jury was against the
weight of the evidence and indicated passion and prej-
udice in that the evidence was undisputed that the in-
sured was not in sound health on the 11th day of April,
1910 when the policy in suit was issued and that she
had a pulmonary disease on said date.  The contents
of the proofs of death submitted by plaintiff in accord-
ance with the terms and conditions of the policy are
prima facie evidence of the facts therein stated, and
as in this case they are not contradicted by other evi-
dence and as there is no evidence of fraud or mistake
or undue influence in their procurement, their contents
must be taken as true, binding and conclusive upon
plaintiff.  Almond v. Modern Woodmen, 133 Mo. App.
382.

*James J. O'Donohoe* for respondent.

(1)  Petitions in cases originating in justices of
the peace courts need contain neither averment of de-
mand nor prayer for relief.  Lakey v. Hoops, 80 Mo.
App. 508.  (2) The failure to incorporate in the plain-
tiff's instruction the rate of interest amounted only
to nondirection.  Taylor v. City of Springfield, 61 Mo.
App. 263; Thompson v. Independence, 131 Mo. App.
375; Flaherty v. Railroad, 207 Mo. 318.  (a) If the in-
struction was too general it was the duty of defend-
ant to ask a more specific one.  Fisher v. Railroad, 198
Mo. 562; Carpenter v. Hamilton, 185 Mo. 603; Ghere
v. Zey, 128 Mo. App. 362.  (b) The jury accurately
calculated interest at the legal rate and the verdict re-
sponded to all the issues and was in proper form.
Sec. 7068, R. S. 1909; Minter v. Bradstreet Co., 174

Mo. 444; Courtney v. Blackwell, 150 Mo. 277; Lead Co. v. Railroad, 123 Mo. App. 408; Happy v. Prichard, 111 Mo. App. 6; Plymouth Cordage Co. v. Yeargain, 87 Mo. App. 561; Lamberson v. Long, 66 Mo. App. 253. (3) A provision in any sort of a policy issued in this State that no obligation is assumed by the insurer unless on the date of the issue of the policy the insured is in sound health is an invalid one. It contravenes the misrepresentation statute of this State. Sec. 6937, R. S. 1909; Welsh v. Ins. Co., 165 Mo. App. 233; Lynch v. Ins. Co., 150 Mo. 461, cases cited; Salts v. Ins. Co., 140 Mo. App. 142; Burns v. Ins. Co., 141 Mo. App. 212; Burridge v. Ins. Co., 211 Mo. 158; Williams v. Ins. Co., 73 Mo. App. 612; Kern v. Legion of Honor, 167 Mo. 471; Keller v. Ins. Co., 58 Mo. App. 557; Whitfield v. Ins. Co., 205 U. S. 489; Ins. Co. v. Coleman, 58 Ga. 251; Ins. Co. v. Leslie, 47 Ohio St. 409; Brick Mfg. Co. v. Ins. Co., 164 Mass. 291; Emery v. Ins. Co., 52 Me. 322; Day v. Ins. Co., 81 Me. 244. (4) The court did not err in receiving the application in evidence, for while the same was no part of the contract of insurance, yet it was a competent part of the evidence. Singleton v. Ins. Co., 66 Mo. 63; Safe Deposit Co. v. Ins. Co., 132 Pa. 389; Moore v. Union Fraternal Acc., 103 Iowa, 424. (5) There was allegation and proof of demand prior to the institution of the suit, but neither was necessary and the court was bound under the law and the evidence to submit the questions of damages and attorney's fee to the jury. Sec. 7068, R. S. 1909; Welsh v. Ins. Co., 165 Mo. 233; Kellogg v. Ins. Co., 133 Mo. App. 391; Utz v. Ins. Co., 139 Mo. App. 153; Cox v. Ins. Co., 154 Mo. App. 464; Williams v. Ins. Co., 189 Mo. 70; Keller v. Ins. Co., 198 Mo. 440.

NORTONI, J.—This is a suit on a policy of life insurance. Plaintiff recovered and defendant prosecutes the appeal.

The policy is in the amount of $220. It appears that it was issued on April 11, 1910, on a written application executed by the insured a few days theretofore, to which was attached a detailed examination of the insured's physical condition and concerning her health, by defendant's physician. By its terms the policy is payable to plaintiff, husband of the insured, in event of the prior death of his wife, and it appears she died May 10, 1910.

The principal matter relied upon in defense is a condition contained in the policy to the effect that no obligation is assumed by the insurance company unless, on the date of the issue of the policy, the insured is in sound health. The policy contains such a provision and the evidence tends to prove that the insured was not in sound health at the time the policy was issued and delivered.

It is urged that the court should therefore have directed a verdict for defendant and thus declared the force of the condition in the policy above mentioned without submitting the matter to the jury. It is said that such conditions in the policy are universally sustained as proper and enforcible in law, and the case of Bell v. Missouri State Life Ins. Co., 166 Mo. App. 390, 149 S. W. 33, is relied upon as so declaring the rule.

The question involved here is to be determined by reference to our statute concerning life insurance, declaring that misrepresentations made in obtaining a policy of life insurance are to be deemed immaterial except in those cases where it shall appear the fact misrepresented actually contributed to the cause of death. It is true that we declared the rule with respect to a condition in the policy postponing the taking effect of the insurance contract in event the insured was not in good health at the time, as argued by defendant, in Bell v. Ins. Co., supra. But be that as it may, no such question as that presented here was made in that case. Indeed, there the contract under review

was not within our statutes on the subject at all but, instead, the policy invoked was an Arizona contract. The insured applied for the policy in the State of Arizona. It was issued in Missouri but delivered to the insured in Arizona where the premiums were paid, and it became effective there as an insurance contract. For the facts, see Bell v. Ins. Co., above cited. Therefore, the policy in judgment in that case was not within the influence of our statutes for the very good reason that it was an Arizona contract. [See Cravens v. New York Life Ins. Co., 148 Mo. 583, 50 S. W. 519.] Here it appears the insured resided in St. Louis, where the insurance was negotiated, the premiums paid and the policy delivered. Such a contract is to be determined in accordance with our law on the subject.

By section 6937, R. S. 1909, it is provided, in substance, that no representations made in connection with obtaining a life insurance policy shall be regarded as warranties. On the contrary all such representations are to be regarded and treated as immaterial, unless it shall appear that a misrepresentation was made with respect to a fact concerning the health of the insured, which condition of health so represented actually contributed to the death of the insured. The statute further provides that the question as to whether it so contributed in every case is one for the jury. Under this statute, we have heretofore declared the rule is established that conditions in the policy such as that under review are to be considered and determined on the basis of representations. In other words such conditions are not available to defeat the insurance vouchsafed in the policy, unless it appears the condition of health of the insured was such that it contributed to the death, and the question of fact concerning this matter is one for the jury. [See Lynch v. Prudential Ins. Co. of America, 150 Mo. App. 461, 131 S. W. 145; Salts v. Prudential Ins. Co., 140 Mo. App. 142, 120 S. W. 714;

see, also, Burns v. Metropolitan Life Ins. Co., 141 Mo. App. 212, 124 S. W. 539.]

Here the question was submitted to the jury and the finding concerning it was for plaintiff, but it is said there is no evidence to support the verdict. The only evidence introduced by defendant concerning the condition of the health of the insured at the time the policy was issued is a recital in the physician's certificate accompanying the proof of death furnished by plaintiff to defendant. As before said, the policy was issued and delivered on April 11th and the insured died on May 10th. Afterwards, within due time, a proof of death was furnished, in accordance with the provisions of the policy, and in connection with this the attending physician stated the cause of the insured's death to be phthisis pulmonalis. A further statement by the attending physician in the same certificate reveals that the insured had been ill two months. It is insisted that these statements revealed beyond question that plaintiff's wife was not in good health within the terms of the condition of the policy above referred to, even when considered under our statute. Therefore, it is said the question is concluded by the recitals contained in the proof of death and accompanying physician's certificate, which the policy required to be furnished as a prerequisite to the payment.

There can be no doubt of the general rule that proofs of death furnished by a beneficiary to the insurer, in accordance with the requirements of the policy, are admissible in evidence against such beneficiary as admissions by him of the truth of the statements therein contained. There is strong reason for the rule where the statement invoked is made directly by the beneficiary, but it is qualified even then so that such statements will not operate an estoppel if they appear to have been erroneously made. When made by the beneficiary, the statements are prima facie evidence

only, and may be explained or overthrown in proper cases. This being true, it is certain they may be explained away or overthrown, though appearing in the proof of death, when made by another than the beneficiary, as here. [See Queatham v. Modern Woodman of America, 148 Mo. App. 33, 127 S. W. 651; Almond v. Modern Woodman of America, 133 Mo. App. 382, 113 S. W. 695.]

To the end of explaining and repelling the force of the statements so made in the proof of death by the attending physician, plaintiff introduced the original application executed by the insured, and utilized that portion of it revealing a medical examination made of the insured by the defendant's examining physician shortly before the policy was issued. From this examination and report so made by defendant's examining physician, it appeared the insured was in good health at the time and was not afflicted with any kind of pulmonary trouble. But it is argued this evidence was incompetent, for the policy provides on its face that it constituted the entire contract between the parties. Obviously such a provision in the policy will not suffice to render the application on which it was issued as incompetent evidence in the case, when considered under our statute. It is true, as asserted by defendant, that the application is only a proposition for insurance which carries with it a statement made by the medical examiner of the company, but when the application is accepted and acted upon and the policy issued thereon, no one can doubt that such a proposition becomes a part of the contract between the parties. Moreover our statute (Sec. 6978, R. S. 1909) proceeds on the theory that the application for the policy becomes a part of the contract when accepted and acted upon by the company. This statute requires the application upon which the policy is issued or its substance to be attached to or indorsed on the policy. While the company may not avail itself of its own

wrong in failing to observe this statutory injunction, no one can doubt that even in cases where it has omitted to do so, the beneficiary may utilize that portion of the application made by the insured's medical examiner as evidence in the cause. If the application were attached to the policy as the statute requires, it would, of course, go in evidence along with the policy. The mere fact that defendant failed to keep this obligation and inserted a clause in the policy to the effect the policy itself should be looked to avails naught in its favor by way of excluding relevant portions of the application from evidence in the case. [See Norristown Title Co. v. Hancock Ins. Co., 132 Pa. St. 385; see, also, Moore v. Union Fraternal, etc., Assn., 103 Ia. 424.] The evidence was competent for the jury to consider, and its finding thereon concludes the question here.

Besides giving plaintiff a verdict for $220, the amount of the policy, the jury awarded him ten per cent thereon for a vexatious refusal to pay and fifty dollars for attorney's fees, as provided by the statute (Sec. 7068, R. S. 1909). It is urged that there was no evidence whatever tending to show the delay was vexatious or that plaintiff ever made demand on defendant for the payment of the policy; but, upon reading the record, the evidence is clear that an undertaker representing plaintiff presented the policy to defendant's superintendent and requested payment. The superintendent retained both the policy and the book showing premium payments for a time and returned them denying any liability thereunder. It is obvious that this is sufficient on the question of demand. Indeed, it would seem the denial of liability alone would suffice, for the law never requires the doing of a useless act. A practicing attorney testified that the services of an attorney in the justice of the peace court and the circuit court were of the reasonable value of fifty dollars. So it appears there is ample evidence

to support the finding touching these matters. It is . true there is no direct and positive evidence to the effect that the delay in payment was vexatious, but such evidence—that is, positive and direct evidence— is not required. The jury are authorized, in cases of this character, to infer and conclude that the delay was vexatious from a survey of all of the facts and circumstances in the case tending to reveal the conduct of the insurance company with respect to the matter. In this connection they may take into consideration the validity of plaintiff's claim and the fact it became necessary to institute a suit to collect it. Indeed, the fact that defendant declined to pay without litigation is of itself evidence tending to prove the delay thereabout to be vexatious. Such is the established rule of decision. [See Keller v. Home Life Ins. Co., 198 Mo. 440, 95 S. W. 903; Cox v. Kansas City Life Ins. Co., 154 Mo. App. 464, 135 S. W. 1013; Williams v. St. Louis Life Ins. Co., 189 Mo. 70, 87 S W. 499; Stix v. Travelers' Indemnity Co., 175 Mo. App. 171, 157 S. W. 870.]

The jury awarded plaintiff interest at six per cent on the amount of the policy, and it is urged that this was error for the reason plaintiff did not demand interest in his petition. There are numerous decisions to the effect that interest may not be allowed unless prayed for in the petition, but the instant case originated before a justice of the peace where no formal pleadings are required. The statutes (Sec. 7412, 7413, R. S. 1909) when read together require that, when the suit is founded upon an instrument of writing executed by the defendant and the debt or damages may be ascertained from such instrument, it shall be filed with the justice as the foundation of the action. It has been heretofore determined that where the suit is on a written instrument, as here, and a statement of facts is also filed, such written instrument, and not the statement filed therewith, is the foundation of the suit.    [Rhea

v. Buckley, etc., Mfg. Co., 81 Mo. App. 400.] Perforce of the statute (Sec. 7179, R. S. 1909), interest at six per cent per annum is allowed after demand on all written contracts when no other rate is agreed opon. It would be an extreme rule, in view of these statutes, to require a specific prayer for interest in a cause originating before the justice, when, indeed, no other statement of the cause of action is required than filing the instrument itself, on which interest accrues after demand, as above stated. Ordinarily special damages are not recoverable except they are prayed for in the petition, but this rule, it is said, does not obtain before the justice for the very sufficient reason that no formal pleadings are required. [See Lee v. Western Union Tel. Co., 51 Mo. App. 375.] A statement before a justice is always regarded sufficient if it informs the defendant with reasonable certainty of the nature of the cause of action he is called upon to meet and will afford a bar against another action thereafter on account of the same subject-matter. In this view, it has, moreover, been determined, too, that, as by express provision of the statute no formal pleadings are required before the justice, a complaint in a cause originating in that tribunal is valid and sufficient though no prayer for judgment whatever is contained therein. [Lakey v. Hoops, 80 Mo. App. 508, 509, 510.] If such be true, and it is, it is clear that interest may be allowed at six per cent after demand on a contract executed by defendant for the payment of money without a formal prayer therefor, in cases originating before the justice.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.