FIREMAN'S FUND INDEMNITY COMPANY v. ARMAND A. CARUSO.

90 N. W. (2d) 302.

May 23, 1958—No. 37,237.

*Mahoney & Mahoney* and *Wayne G. Popham,* for appellant.
*S. M. McNamara,* for respondent.

MURPHY, JUSTICE.

This is an appeal from the order of the District Court of Hennepin County granting the motion of defendant, a discharged bankrupt, to have a judgment against him satisfied of record pursuant to M. S. A. 548.18. Plaintiff, the judgment creditor, appeals.

On August 8, 1947, at Chicago, Illinois, the defendant executed a promissory note payable to the plaintiff on January 1, 1948, for the sum

of $1,750. The note contained a common-law authorization for the confession of judgment upon default in payment. The defendant did not pay the note when it became due and a judgment against him was entered in Illinois. The judgment roll contained no identification as to the nature of the debt represented by the note.

Subsequently, defendant moved to St. Louis Park, Minnesota, and in September 1951, plaintiff instituted action here upon the Illinois judgment. On March 24, 1952, a default judgment was entered and docketed in the District Court of Hennepin County. This was also a money judgment and did not contain any findings as to the nature of the debt which gave rise to the Illinois judgment.

The defendant was adjudged a bankrupt on his voluntary petition filed in United States District Court for the District of Minnesota on June 12, 1954. In the bankruptcy proceedings he listed both the Illinois and the Minnesota judgments as unsecured claims of creditors. On March 10, 1955, he was given his discharge in bankruptcy, as a result of which he was discharged from "all debts and claims which, by the Act of Congress relating to Bankruptcy, are made provable against his estate, except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy." By the provisions of the Bankruptcy Act as amended, 11 USCA, § 35(a),[1] the defendant was not released from debts created by fraud, embezzlement, or misappropriation of money while acting as an officer or in a fiduciary capacity.

On August 25, 1956, the defendant served a notice of motion to discharge the judgments, as provided by § 548.18, which provides in part as follows:

"Any person discharged from his debts pursuant to the act of congress known as 'An act to establish a uniform system of bankruptcy throughout the United States, approved July first, 1898,' and all amendments

---

[1]"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, * * * or (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity; * * *."

thereto, may, after the expiration of one year from the date of such discharge, apply to any court of record in which a judgment shall have been rendered or a transcript thereof filed against him, for the discharge thereof from record, and if it shall appear to the court that he has thus been discharged from the payment of such judgment, the court may order and direct that such judgment be discharged and satisfied of record, and thereupon the clerk of such court shall enter a satisfaction thereof."

In opposing this motion the plaintiff sought to show that the debt was not dischargeable because it came within the exception of 11 USCA, § 35(a), as a debt created by misappropriation of funds. To establish this fact the judgment creditor served on the attorney for the defendant a request for admissions under Rule 36.01 of Rules of Civil Procedure. The defendant was asked to admit the genuineness of a statement purportedly signed by him in which he admitted to having converted to his own use approximately $1,800 belonging to his employer, a Cincinnati bottling company. Other requests were directed to the identification of a copy of a written confession signed by the defendant and made a part of the request for admissions.

On September 15, 1956, the defendant, without objection, served his answers to the request for admissions. He admitted signing the confession but claimed that it was signed "under threat of arrest, duress and imprisonment, with the promise that if he signed said statement and repaid said amount there would be no arrest." The defendant further admitted execution of the promissory note of August 8, 1947, over 4 years after signing the above statement. He contends that he was called into the office of an attorney for the plaintiff and was again threatened with arrest and imprisonment if he did not sign the note for $1,750 in favor of the plaintiff, his employer's indemnitor. In his response to the request for admissions the defendant does not deny the truth of the facts stated in the purported confession, nor does he give any reason why he cannot admit or deny the truth of the statements contained in the plaintiff's request for admissions.

The defendant's motion was heard by the trial court on October 8, 1956. At that time the court received in evidence, without objection,

the complete files in the case, a certified copy of the defendant's discharge in bankruptcy, the complaint filed in the Illinois action, and the promissory note. There is nothing in any of the exhibits or pleadings in the judgment roll which indicates that the actions were based on the fraud or embezzlement of the defendant.

On February 21, 1957, the court filed its order granting the defendant's motion to discharge and satisfy of record the judgment. It is from this order that plaintiff appeals. Two issues are presented to us for consideration on this appeal: (1) Was the court correct in holding that evidence outside of the judgment roll could not be used to show the nondischargeable nature of the original action; and (2) was the court correct in holding that the request for admissions and responses could not be considered because they did not apply to a "pending action" as provided by Rule 36.02.[2]

■ In support of his contention that the court may not go beyond the judgment roll and determine from extrinsic evidence the nondischargeable character of the original obligation upon which the judgment is based, the defendant relies upon Ziegler v. Suggit, 118 Minn. 74, 136 N. W. 411; Strauch v. Flynn, 108 Minn. 313, 122 N. W. 320; and Karger v. Orth, 116 Minn. 124, 133 N. W. 471. We are of the view that none of these cases is controlling. In the Ziegler case the jury in answer to a special interrogatory found that the obligation in question grew out of a breach of contract and that there was no fraud on the part of the discharged bankrupt. The Strauch case may likewise be distinguished. There the defendant, in answer to a complaint against him seeking a money judgment in the amount of an unpaid note, asserted the defense of discharge in bankruptcy. The plaintiff replied that the obligation grew out of the fraud of the defendant and was, therefore, excepted from the effect of the discharge. The district court's order striking the allegation in the reply as to fraud was affirmed on the ground that the allegation of the reply was inherently repugnant to the complaint and an inconsistent pleading which was not permitted at common

---

[2]Rule 36.02. "Any admission made by a party pursuant to such request is for the purpose of the pending action only and does not constitute an admission by him for any other purpose and may not be used against him in any other proceeding."

law. The issue before us was neither reached nor considered. The Karger case merely decided that a plaintiff, having admitted in his pleadings that he and the defendant were partners at the time of the misappropriation, could not after judgment upon hearing on defendant's application for stay of execution show by affidavit that the defendant was not a partner at the time of the claimed misappropriation. To have permitted plaintiff to do this would have put in issue a fact already determined by the judgment.

We have considered the other Minnesota cases submitted by the defendant and find in none of them authority for the proposition that the nondischargeable character of the original obligation may not be shown by extrinsic evidence where the identity and nature of the original debt does not appear in the judgment roll. The decisions on this question are not in harmony. There is authority to the effect that the nondischargeable character of the original obligation may be shown, notwithstanding the recovery of a judgment on the note which evidenced the original obligation, by resort to the record of the judgment or of the proceedings in which it was obtained. Under these authorities, while going behind the judgment for the purpose of ascertaining the character of the original obligation is permitted, the scope of the showing in this respect is restricted to the record of the judgment or of the proceedings in which it was obtained. 6 Am. Jur., Bankruptcy, § 816.

The view which we favor, however, is that the judgment creditor should be permitted to show, by evidence extrinsic to the record of the judgment or of the action in which the judgment was obtained, the nondischargeable character of the original obligation, notwithstanding the fact that the judgment roll on its face does not show that it is a debt not dischargeable in bankruptcy.

This view is well expressed in Fidelity & Cas. Co. v. Golombosky, 133 Conn. 317, 50 A. (2d) 817, 170 A. L. R. 361.[3] In that case the

---

[3]See, Annotation, 170 A. L. R. 368. Accord: Packer v. Whittier (1 Cir.) 91 F. 511; Greenfield v. Tuccillo (2 Cir.) 129 F. (2d) 854; Brown v. Hannagan, 210 Mass. 246, 96 N. E. 714; Stewart v. Emerson, 52 N. H. 301; Gehlen v. Patterson, 83 N. H. 328, 141 A. 914; Howland v. Carson, 28 Ohio St. 625; Young v. Grau, 14 R. I. 340; Simpson v. Simpson, 80 N. C. 332; Councill v. Horton, 88 N. C. 222.

plaintiff recovered a judgment in a Pennsylvania court. Later a judgment was secured in a Connecticut court based upon the Pennsylvania judgment, after which the defendant filed a petition in bankruptcy and secured a discharge. The defendant moved to stay execution of the Connecticut proceedings on the ground that the debt evidenced by the judgment was included within the discharge. As here, the plaintiff contended the note was given as evidence of a preexisting debt created by misappropriation of the defendant while acting in a fiduciary capacity. In that case the court held that, where a discharge in bankruptcy is set up as a defense to a judgment based upon a note, proof is admissible to show that the underlying debt was created by an obligation within the statutory exceptions from the operation of a discharge, and in giving its reasons for so holding the court said (133 Conn. 324, 50 A. [2d] 820, 170 A. L. R. 365):

"The purpose of the Bankruptcy Act was 'to relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes.' [Citation omitted.] It was also clearly the intent of the Congress that clemency should not be so far extended as to include obligations resulting from the acts of dishonesty specified in § 17 (11 U. S. C. § 35). Where the conduct of the bankrupt has created such an obligation, the intent should be effectuated unless there has occurred some circumstance which justifies setting it aside. We are unable to see why the purpose of the Congress should be defeated because, where a defendant has been guilty of a misappropriation of money, he has given a note representing that money and the person to whom the obligation is due has taken a judgment on it. Indeed, when the note is accepted, it is probably far from the mind of the creditor that the debtor may become bankrupt, and the clemency which the former has extended to the latter in not pressing the fact of the misappropriation might, if the law were otherwise than we hold, result in the discharge of the obligation. Under the view we take, the creditor has the burden of proving that, in such a case, the note did represent money misappropriated, and the debtor will have the opportunity to defeat that claim by showing, for example, that he gave it, not because

he had in fact misappropriated money, but merely 'to buy his peace.'

"Our conclusion is that the plaintiff is entitled to prove, if it can, by evidence dehors the record of the action, that the note upon which the Pennsylvania judgment was based represented money misappropriated by the defendant, and that the debt was not within the defendant's discharge in bankruptcy."

Similar holdings have been made, some in more recent cases. See, United States Credit Bureau v. Manning, 147 Cal. App. (2d) 558, 305 P. (2d) 970; Gregory v. Williams, 106 Kan. 819, 189 P. 932; Hamby v. St. Paul Mercury Ind. Co. (4 Cir.) 217 F. (2d) 78.

Nor do we think there is merit to the argument that, when a judgment is entered without reference to the description or identification of its source and nature, said judgment operates to change the character of the original liability. In Gould v. Svendsgaard, 141 Minn. 437, 170 N. W. 595, the question of merger with respect to the dischargeability in bankruptcy of a judgment arose. We said that the judgment was not a new debt but merely an old debt in a new form. Pointing out that the essential nature of the cause of action remains unchanged, we said (141 Minn. 438, 170 N. W. 596):

"* * * The law of merger does not forbid all inquiry into the nature of the cause of action. If the prevailing party was entitled to certain privileges, or exemption from certain burdens, under his contract he may be entitled to the same privileges and exemptions under his judgment. Whenever justice requires it, the judgment will generally be construed not as a new debt but as an old debt in a new form."

We have held in cases involving judgment liens upon real estate that, even though the judgment record does not disclose that particular property is liable for its payment, that fact may be established by extrinsic evidence when the right to resort to satisfaction of the judgment by execution on the land is called in question. Gregory Co. v. Cale, 115 Minn. 508, 133 N. W. 75, 37 L.R.A. (N.S.) 156; Wallace T. Bruce, Inc. v. Najarian, 249 Minn. 99, 81 N. W. (2d) 282; Keys v. Schultz, 212 Minn. 109, 2 N. W. (2d) 549.

The trial court on its own motion held that responses to request for admissions under Rule 36, which related to the nature of the original

obligation, could not be considered. He took the view that Rule 36.02 has application to a "pending action" only and, since judgment had been entered on the note in question, there was no longer an action pending. We cannot agree with the trial court.

Our decision that a judgment creditor may go behind the judgment to show the true character of the judgment debt disposes of the question as to whether or not there is a pending action as provided by Rule 36.02. The rules apply to all suits of a civil nature. A special proceeding to discharge a judgment of record as provided by § 548.18 is a "pending action" within the purview of Rule 36.02. The issue in these proceedings has to do with whether the judgment is founded upon a debt which is not dischargeable under the bankruptcy laws. It is apparent that the request for admissions is directed to that decisive issue. The answers to them should have been considered by the trial court.

Reversed and remanded.