**Warren R. DURRETT, Appellant,**

v.

**Lillian SMITH, Respondent,**

**Ralph W. Rice, Jr., d/b/a Rice Realty Company, Garnishee.**

**No. 23556.**

Kansas City Court of Appeals.

Missouri.

June 4, 1962.

Richard K. Andrews, Henry G. Eager, Swanson, Midgley, Jones, Blackmar & Eager, Kansas City, for appellant.

Charlotte P. Thayer, Carl D. Gum, Jr., Grandview, for respondent.

BROADDUS, Judge.

This is an appeal from the order of the Circuit Court of Jackson County, Missouri, sustaining the respondent's motion to quash garnishment issued upon an execution.

On May 23, 1960, appellant, Warren R. Durrett, filed his petition in the 2nd District Magistrate Court in Kansas City, wherein he alleged that he was president and stockholder of the K & D Builders, Inc., a Missouri Corporation; that on and before July 12, 1957, said K & D Builders, Inc., was the owner of certain property located at 3623 West 76th Street, Johnson County, Kansas; that K & D Builders employed respondent as its agent for the purpose of selling said property; that said property, through the efforts of respondent, was sold to one Osborn L. Brown, on or about July 12, 1957, for $19,500.

That respondent represented to K & D Builders and appellant that she would pay on behalf of K & D Builders the sum of $90 to the Kansas City Title Insurance Company for the furnishing of an abstract of title for said property; and also that she would pay on behalf of K & D Builders the sum of $345.92 to the Treasurer of Johnson

County, Kansas, for taxes on said property for the year 1956; that respondent did not pay said sums and appellant personally paid the sum of $345.92 to the Treasurer of Johnson County, Kansas, and K & D Builders paid the sum of $90 to the Title Company.

That appellant, acting personally and for K & D Builders demanded payment of said sums and respondent admitted that she owed the same; that on October 7, 1957, respondent made and delivered to appellant her written promissory note in the sum of $353.54 and on November 5, 1957, she also delivered to appellant another written promissory note in the sum of $92.40. Said notes provided for interest at the rate of 8% from date until paid, and in the event of suit, for a reasonable attorney's fee.

On June 13, 1960, a default judgment was entered in the Magistrate Court for appellant in the sum of $638.10. Respondent thereafter filed a voluntary petition in bankruptcy, and on July 19, 1960, an affidavit of bankruptcy was filed for her in the Magistrate Court.

On July 12, 1961, appellant filed a transcript of his judgment in the Circuit Court and caused a writ of garnishment to be served upon respondent's present employer, Ralph W. Rice, Jr., who does business as Rice Realty Company. Respondent filed her motion to quash the garnishment. The ground set forth in the motion was that respondent was adjudicated a bankrupt on July 18, 1960, and that the indebtedness of respondent to appellant was duly listed in said bankruptcy proceeding.

The motion to quash came on for hearing on July 21, 1961, and at that time the Circuit Court ruled that the motion would be decided upon written suggestions and that no evidence would be taken on the hearing. On July 27, 1961, the lower court sustained the motion to quash without having heard evidence from either party. Appellant timely filed his motion for a new trial and the same being overruled, this appeal followed.

Appellant's first contention is that the court erred in sustaining respondent's motion to quash because, as a matter of law, respondent's indebtedness was excepted from discharge in bankruptcy under Section 17, sub. a(4) of the Bankruptcy Act, 11 U.S.C.A. § 35, subd. a(4). That Section reads as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts * * * except such as * * * (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity".

Appellant argues that because he alleged in his petition filed in the Magistrate Court the circumstances out of which the indebtedness arose that the Magistrate Court judgment conclusively established that respondent's indebtedness was created by the fraud, embezzlement, misappropriation or defalcation of respondent while she was acting in a fiduciary capacity holding the appellant's money upon an express trust as appellant's real estate agent.

Along with his petition in the Magistrate Court appellant filed copies of the notes purporting to have been executed by respondent. Section 517.050, V.A.M.S., which deals with magistrate courts, provides that when a suit is "founded upon any instrument of writing purporting to have been executed by the defendant, and the debt or damages claimed may be ascertained by such instrument, the same, or a verified copy thereof, shall be filed with the clerk of the magistrate court, and no other statement or pleading shall be required."

▮ In ruling on the motion to quash the court below could not treat as true the allegations contained in appellant's petition filed in the Magistrate Court. The suit in that court was based upon two notes. In dealing with an earlier statute containing the same language as the one here involved the court in the case of Rhea v. Buckley Custom Shirt Mfg. Co., 81 Mo. 400, 406, said:

"It was the note (represented by the copy), that furnished the foundation of the suit and *not the petition: the latter was not necessary and was unauthorized by the section of the statute, supra, and should be ignored*". To the same effect are the cases of Conn. Co. v. Orr, et al., 150 Mo.App. 705, 708, 131 S.W. 765, 767; Coscarella v. Metropolitan Insurance Co., 175 Mo.App. 130, 140, 157 S.W. 873, 876. We rule the contention against appellant.

Under his next point appellant says "if the facts alleged in appellant's Magistrate Court statement of claim are not *res judicata* (which we hold they are not) then the trial court erred in not affording appellant an opportunity to demonstrate upon hearing that this indebtedness arose out of circumstances which excepted the indebtedness from discharge under Section 17(a) (4) of the Bankruptcy Act." (In our opinion, the point is well taken.)

■ The well reasoned authorities amply support the position that a judgment creditor can show, by evidence outside the record of the court in which he secured the judgment, that the circumstances out of which the original indebtedness arose rendered the judgment nondischargeable. Thus, the court stated in Fidelity & Casualty Co. of New York v. Golombosky, 133 Conn. 317, 50 A.2d 817, 170 A.L.R. 361, 364–365:

"The decisions which have held that in determining the nature of the indebtedness a court cannot go behind the judgment and record seem generally to have overlooked two principles which the cases place beyond dispute: Where an action is brought upon a note, and a discharge in bankruptcy is set up as a defense, proof is admissible to show that the underlying debt was created by fraud or one of the other excepted causes, * * * and the rendition of a judgment upon an obligation does not change the character of the indebtedness. * * * In the light of these accepted principles, there would seem to be no escape from the conclusion that the rendition of a judgment based upon a note does not preclude proof by evidence extraneous to the record, in reply to a defense of discharge in bankruptcy, that the underlying debt was created by fraud, embezzlement, misappropriation or defalcation within the exception we are considering".

To similar effect is Fireman's Fund Indemnity Co. v. Caruso, 252 Minn. 435, 90 N.W.2d 302.

In the fairly recent case of Thomas v. Crosby (W.D.Mo.) 146 F.Supp. 296, 299, the late Judge Smith said: "No longer is it open to question that the obtaining of a judgment does not alter the non-dischargeability of a claim. The reduction of a claim to judgment will not preclude inquiry into the original nature of the obligation behind the judgment".

The judgment is reversed and the cause remanded.

All concur.