PUBLIC FINANCE CORP., APPELLANT, *v.* OCKERMAN ET AL.,
APPELLEES.

(No. 829—Decided June 25, 1963.)

*Mr. Morris Mendelssohn,* for appellant.
*Mr. A. I. Goldman,* for appellees.

FRANCE, J.   This appeal on questions of law is by plaintiff from a judgment in its favor for $79.86 on a claim of $582. Proceedings commenced in Youngstown Municipal Court where, on September 1, 1960, plaintiff recovered judgment against defendants for $636.88 and costs, thereafter filing certificate of judgment therefor with the Clerk of Courts, Columbiana County.   Four successive proceedings in aid of execution were instituted in the latter county by plaintiff as judgment creditor, some being dismissed and others resulting in application of defendant's (Earl T. Ockerman) wages to the judgment debt.   Before the last proceeding in aid could be completed, the defendant Earl T. Ockerman was adjudicated a bankrupt on his voluntary petition and the sum of $166.84, ordered paid to the clerk of courts, was subsequently ordered paid to this defendant's trustee in bankruptcy.

Plaintiff then filed his petition, claiming a loan of $582 on a promissory note and claiming that to obtain the loan defendants executed a financial statement; that plaintiff relied upon it

in making the loan; and that defendants "obtained this said loan by making a materially false statement in writing and/or obtained this loan by misrepresentation and/or false pretenses." The petition recited attachment of a copy of the note marked "Plaintiff's Exhibit A, claimed $572.62 plus interest due on the note, and closed with prayer for judgment.

Defendants answered, admitting the making of the loan, denied any false financial statements and set up adjudication in bankruptcy. Plaintiff's reply claimed the action as one on a nondischargeable debt evidenced by promissory note.

On these pleadings the case went to trial to the court (although we find no evidence of jury waiver). Plaintiff introduced the note into evidence. Testimony was taken and exhibits introduced touching on the omitting of certain indebtedness of defendants from a financial statement executed at the time of the loan and as to the net proceeds in new money to defendant, the loan being a refinancing in part of previously existing indebtedness.

At the conclusion the trial judge found, in an opinion incorporated into the bill of exceptions, that defendants made the false representations in question and that plaintiff relied upon them, and found that the money thus obtained was $79.86. Judgment was entered for that amount.

Plaintiff assigns six errors, one of which is that the finding of the court is against the manifest weight of the evidence; the other five are claims, in varying forms, that the judgment is contrary to law.

As to the first error assigned, relating to the manifest weight of the evidence, plaintiff has no cause for complaint. On every single factual issue the trial judge found the facts as contended for by plaintiff. Bona fides in making the loan, known falsity of the defendants' financial statement, reliance on it by plaintiff, were all found by the court. The first assignment of error is not well made.

As to the second through sixth assignments, it is apparent that plaintiff and the trial judge tried the case on widely divergent theories. Plaintiff's theory, ignoring the fact that he had already taken judgment for the loan in question, the taking of which was shown plainly by the documents in the file and plainly endorsed on the note as admitted in evidence, was that

because there was a false financial statement involved a non-dischargeable debt was created which was somehow different from, and therefore in addition to, the debt created by the note which had already been reduced to judgment. The trial judge, on the other hand, reasoned that since judgment had already been taken on the note no further remedy existed in contract and that plaintiff's cause of action lay in tort for fraud and deceit. He therefore awarded judgment on that basis. Both lay great stress on Section 35, Title 11, U. S. Code, the Federal Bankruptcy Act:

"(a) A discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition * * *."

The trial judge, in addition, relied on the statement in *Household Finance Corp.* v. *McComas,* 112 Ohio App., 296, at 299, that:

"* * * When it is alleged in a petition * * * that a liability is based upon obtaining a loan of money by a false statement of the borrower's indebtedness to others, such petition is sufficient to disclose a liability for obtaining money by false representations and pretenses, and states a cause of action for a nondischargeable debt under the bankruptcy act."

Notwithstanding the statement quoted, we do not believe that Section 35, Title 11, creates any new liability or cause of action. By its terms it provides an exception to the privilege of discharge from an existing debt. The discharge, in any event, does not extinguish the old obligation; it merely bars its collection where the discharge is asserted by the debtor. Plaintiff's rights under the loan were in contract. When it took judgment on the note in Youngstown Municipal Court, its cause of action was merged in the resulting judgment. *Baker* v. *Kinsey,* 41 Ohio St., 403. See 30A American Jurisprudence, 369, Judgments, Section 321. From that time the judgment, not the "loan" or the note, was the provable debt subject to discharge unless it was a liability "for obtaining * * * an extension or renewal of credit in reliance upon a materially false financial

statement * * *." Since it was this debt which was subject to discharge it was this and no other which came, if it did, within the terms of the discharge section quoted above. We therefore conclude that all questions regarding the dischargeability of the debt should be resolved in the action to collect the judgment; not, as was done in this case, by instituting a new cause of action in contract or tort to create an additional or different indebtedness of record.

In concluding that the question of discharge should be tried in an action to collect the existing judgment we are aware of existing decisions, including one of this court in *Ohio Finance Co.* v. *Greene,* 76 Ohio Law Abs., 424, which hold that the record of an existing judgment cannot be opened up to determine the question of fraudulent conduct in creating the underlying debt merged in the judgment. Oddly enough, the merger theory has been extended to support this view. However, since the decision of our Supreme Court in *Friedman Finance Co.* v. *Shirley,* 168 Ohio St., 273, approves the practice of showing bankruptcy discharge in aid of execution proceedings collateral to the judgment, it appears to us necessarily to follow that all questions relative to discharge, including the circumstances of the original debt incurment are logically gathered there, and the old prejudice against inquiry into the factual basis of the judgment must yield to a simplicity of practice.

This is particularly true where the procedure of suing on notes and particularly taking judgments on cognovit notes does not lend itself to allegations of underlying fraud. See *United States Credit Bureau, Inc.,* v. *Manning,* 147 Cal. App. (2d), 558, 305 P. (2d), 970; *Fireman's Fund Indemnity Co.* v. *Caruso,* 252 Minn., 435, 90 N. W. (2d), 302; *Fidelity & Casualty Co. of New York* v. *Golombosky,* 133 Conn., 317, 50 A. (2d), 817. In any event the vice of instituting a new cause of action to impose a new judgment liability for indebtedness already reduced to a judgment undischarged of record appears to the writer a far greater vice than that of ''opening up'' the original judgment to show its underlying basis, in a supplementary proceeding to collect it. The instant case illustrates it. If judgment were to be rendered as contended for by plaintiff, there would be two judgments, both apparently valid and collectible, rendered on two theories, in varying amounts, both reflecting the same

indebtedness and growing out of the same transaction. This represents not only a splitting of causes of action but a violation of every principle of res judicata. The very fact that the first judgment stands unvacated of record demonstrates that the second one is contrary to law.

We conclude that plaintiff's claim, having previously been reduced to judgment in another court, was barred by established principles of res judicata from being relitigated in the instant proceeding, particularly in view of the fact that no defense of *discharge* in bankruptcy had ever been interposed to it.

But while the judgment as rendered was contrary to law, it does not follow that this error was prejudicial to plaintiff. Plaintiff claims that the judgment was too small by $492.72. Actually it was too large by $79.86, for plaintiff should have taken nothing by his claim, but defendants make no complaint. For this reason we find no error prejudicial to plaintiff and affirm the judgment of the trial court.

*Judgment affirmed.*

BROWN, P. J., concurs.
JONES, J., not participating.