James R. COLLER and Dallas L. Tolson,
Appellants,

v.

W. E. HARMON, t/a The Harmon House,
Appellee.

No. 3982.

District of Columbia Court of Appeals.

Argued Nov. 14, 1966.

Decided March 20, 1967.

---

Ellsworth T. Simpson, Hyattsville, Md., for appellants.

William P. Daisley, Washington, D. C., with whom Bernard I. Nordlinger, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Appellee, William E. Harmon, is engaged in the business of interior decorating and design under the name of "The Harmon House," with offices in Norfolk, Virginia.

In 1964 he installed draperies and other furnishings in a night club operated by appellants in Virginia Beach. When the work was completed, appellants were unable to pay the balance remaining on their contract—$1,159.25. In order to obtain payment, appellee arranged for them to negotiate a loan through the Virginia National Bank where he was a depositor, the proceeds of which were to be used to discharge their debt to him. Accordingly, on July 20, 1964, appellants signed a 30-day note at the bank for $1,500,[1] payable to The Harmon House. As a condition to approving the loan, the bank required that Mr. Harmon endorse it, which he did in the presence of appellants. On the basis of the note, which was left with the bank for collection, the bank issued a check to appellee for $1,492.50, the first month's interest of $7.50 having been deducted. He, in turn, gave appellants his check for $333.25 to cover the cash they had requested. When the note became due at the end of thirty days, appellants did not discharge or curtail it, and the bank called upon appellee to redeem it, which he did on September 1, 1964. Appellants had closed their club late in August because of financial difficulties and had moved from the area. Appellee made numerous attempts to locate them, but it was not until May 1965 that he ascertained they had moved to Washington, D. C.

On September 29, 1964, both appellants filed petitions in bankruptcy in the United States District Court for the Eastern District of Virginia, and on December 31, 1964, were discharged by orders of the Referee in Bankruptcy. Appellee was never given notice of the proceedings, apparently because neither he nor The Harmon House was listed on the bankruptcy schedules as either endorser or payee of the promissory note, although the Virginia Na-

---

1. Just prior to going with appellee to the bank to consult with the bank officer with reference to the loan, appellants told appellee that they needed $300 "to tide them over" for the weekend and suggested that the note be made out for $1,500 in order that, after payment of their obligation to appellee, they would hve additional cash.

tional Bank was shown as holder of a note in the amount of $1,500.

Upon locating appellants in this jurisdiction, appellee filed this present suit seeking recovery of the principal amount of $1,500, plus interest, costs and attorney's fees. Appellants moved for summary judgment on the ground that they were relieved from liability on the note by virtue of their discharge in bankruptcy, which the court denied. Following a trial on the merits, the court entered a finding in favor of appellee, holding that Mr. Harmon or The Harmon House was appellants' creditor and should have been so listed in the bankruptcy proceedings and that as the note was payable in 30 days there was an obligation on the part of appellants to ascertain whether it had been redeemed by appellee. This appeal followed.

■ First, appellants contend that the court erred in failing to grant their pretrial motion for summary judgment. GS Rule 56(c) of the trial court specifies that judgment shall be rendered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact * *." The burden of demonstrating the absence of any material issue is upon the party moving for summary judgment. Early Settlers Insurance Co. v. Schweid, D.C.App., 221 A.2d 920 (1966); Reliable Home Appliances, Inc. v. District of Columbia, D.C. App., 219 A.2d 501, 503 (1966). When genuine issues of fact are present, summary judgment must be denied.

■ In the present case, in dispute were whether the bank or appellee should have been listed as a creditor in the bankruptcy proceedings and whether appellee had notice or actual knowledge thereof, issues which could not be resolved without a full trial. We see no prejudice to appellants by having before the trial court all matters which would have been proved on the motion. Dawson v. Drazin, D.C.App., 223 A.

2d 375 (1966). In our judgment, appellants' motion was properly denied.

Appellants primarily contend that the trial court erred in ruling that the debt of $1,500 was not extinguished by virtue of their discharge in bankruptcy.

■ Section 17 of the Bankruptcy Act, 11 U.S.C. § 35 (1964), provides, in part, that a discharge in bankruptcy shall release a bankrupt from all his provable debts except such as "(3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." Notice must be "personal" to meet the requirements of the act. Birkett v. Columbia Bank, 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904); In re Venson, 234 F.Supp. 271, 272 (N.D. Ga.1964), aff'd sub nom. Venson v. Housing Authority of the City of Atlanta, 5 Cir., 337 F.2d 616 (1964); Wyser v. Estrin, 285 App.Div. 827, 136 N.Y.S.2d 744 (1955).

■ A discharge in bankruptcy is a privilege and is designed to aid the honest citizen who has fallen upon hard times. On the other hand, the sections of the act requiring detailed scheduling of debts are for the benefit of creditors and not the debtor, and he must exercise meticulous care in listing the names and addresses of his creditors. Failure to do so will except from the operation of the discharge those debts which have not been properly scheduled. King v. Harry, 131 F.Supp. 252 (D.D.C. 1955); United States v. Kassan, 208 F. Supp. 858, 860 (S.D.Cal.1962); Wilder v. Baker, 147 Colo. 92, 363 P.2d 1045 (1961); Jenkins v. Bishop Apartments, Inc., 144 Conn. 389, 132 A.2d 573 (1957). A discharge in bankruptcy does not extinguish the old obligation but merely bars its collection when discharge is asserted as a defense by the debtor. Public Finance Corp. v. Ockerman, 119 Ohio App. 525, 200 N.E.2d 808 (1963).

 After the defense of discharge in bankruptcy has been raised, the burden shifts to the creditor to show that no notice was given him or, for other statutory reason, his debt was excepted from the operation of the discharge. Kreitlein v. Ferger, 238 U.S. 21, 35 S.Ct. 685, 59 L.Ed. 1184 (1915); Whelan v. United States Guarantee Co., 102 U.S.App.D.C. 287, 252 F.2d 851 (1958). Upon proof of error in the scheduling or a prima facie showing of absence of notice to the creditor, the bankrupt is called upon to justify the inaccuracies in the schedules and the failure to give notice.

We believe appellee met his burden of establishing that the promissory note upon which he sued was excepted from the operation of the discharge. Reflecting the dictates of the Bankruptcy Act, Schedule A–4 of the bankruptcy petition requires that the "names, residence and the business or occupation of the drawers, makers, acceptors, endorsers" must be given in those cases where the petitioner is liable on any note. Neither appellee nor The Harmon House was listed as endorser of the note held by the Virginia National Bank or as a contingent creditor. Whether this was from carelessness, oversight or erroneous legal advice does not provide an excuse or preclude the sanctions resulting from failure to list appellee as a creditor.

 From the record it is inescapable that appellants were fully aware of their primary obligation on the note and that appellee, as endorser, would have to redeem it in the event of their default. When they filed their petitions in bankruptcy, they had a duty to ascertain whether he had done so and thus had become a creditor, rather than the bank; or, failing to do that, they should at least have listed him as an endorser. As they did neither, they cannot now evade their liability to appellee.

 Appellants contend that the bank was duly notified of the bankruptcy proceedings and that this was tantamount to notice to appellee. Although it may be presumed that the bank was given notice, notice to the bank cannot be imputed to appellee. The bank had no legal obligation to notify him of the bankruptcy proceedings of appellants, and appellee testified that it had never informed him that it had been advised of such action. The duty was squarely on appellants to so schedule appellee as a holder or endorser of the note that notice to him would have been assured.

We affirm the findings of the trial judge and hold that appellants' discharge in bankruptcy did not extinguish their obligation to appellee.

Affirmed.