**Sybil D. WELSH, Appellant,**

**v.**

**OLD DOMINION BANK, a banking corporation, Appellee.**

**No. 3992.**

District of Columbia Court of Appeals.

Argued Feb. 20, 1967.

Decided May 10, 1967.

Eugene J. Fitzpatrick, Wheaton, Md., for appellant.

Harry Protas, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

HOOD, Chief Judge:

Appellee obtained a judgment against appellant in an action of debt brought in the Circuit Court for Prince George's County, Maryland, and brought this action on the foreign judgment. Appellant pleaded as a defense her discharge in bankruptcy. To meet this defense, appellee was allowed to prove by evidence extrinsic to the record that the judgment was on a debt for money obtained by appellant through a false statement in writing respecting her financial condition.[1] Upon such proof the trial court held that the Maryland judgment was not discharged and gave judgment for appellee.

The main question on this appeal, and the only one we consider meriting discussion, is whether it was permissible to look beyond the judgment and the record of proceedings where rendered to determine whether the underlying debt was created by fraud. Although there is authority to the contrary,[2]

1. Bankruptcy Act, 11 U.S.C.A. § 35(a).

2. See, e. g., L. & M. Building and Supply, Inc. v. Soileau, 176 So.2d 756 (La.App. 1965); American Surety Co. v. Rolph, 16 N.Y.S.2d 591 (City Ct.1939); National Finance Co. of Provo v. Daley, 14 Utah 2d 263, 382 P.2d 405 (1963).

we think the question was properly answered in Levin v. Singer, 227 Md. 47, 175 A.2d 423, 430 (1961), where it was said:

We think the authorities cited express the better rule and therefore hold that it was not error for the trial judge to permit the appellee to offer proof, by evidence extrinsic to the record of the judgment obtained by appellee on the note, that the debt which the note represented was created by the false representations of the appellant.

The subject is so thoroughly treated in Levin v. Singer, which in turn relies heavily upon the excellent opinion of Chief Justice Maltbie in Fidelity & Casualty Co. of New York v. Golombosky, 133 Conn. 317, 50 A.2d 817, 170 A.L.R. 361 (1946),[3] that we feel no further discussion is required by us.

Affirmed.

3. See also Greenfield v. Tuccillo, 129 F.2d 854 (2d Cir. 1942); United States Credit Bureau v. Manning, 147 Cal.App.2d 558, 305 P.2d 970 (1957); Public Finance Corp. v. Ockerman, 119 Ohio App. 525, 200 N.E.2d 808 (1963).