**UNITED STATES of America,
Plaintiff,**

v.

**Diego GALLARDO, Defendant.
No. 36051.**

United States District Court
N. D. California, S. D.

June 24, 1957.

Lloyd Burke, U. S. Atty., San Francisco, Cal., for plaintiff.

Rodegerdts & Means, Woodland, Cal., for defendant.

EDWARD P. MURPHY, District Judge.

Defendant obtained a loan from the Bank of America, National Trust and Savings Association, fifty per cent of which was guaranteed by the Veterans Administration pursuant to Title III of the Servicemen's Readjustment Act of 1944, 58 Stat. 291, as amended, 38 U.S. C.A. § 694 (1952). Defendant defaulted in payment of the loan, and the Veterans Administration thereupon paid the guaranteed portion of the outstanding loan.

The Bank of America, through an assignee, later brought suit in the state court for recovery of the entire amount in which defendant was in default. This suit was settled and a dismissal with prejudice was entered. The United States then instituted the present action for recovery of the amount paid by the Veterans Administration pursuant to its guarantee.

Defendant has moved for summary judgment on two grounds: (1) that settlement of the principal creditor's claim in the state court operated to extinguish the claim of the United States for the amount it had paid as guarantor of the loan; and (2) equitable estoppel. A third ground, res judicata, has been withdrawn by defendant.

The case of United States v Henderson, D.C.S.D.Iowa 1953, 121 F. Supp. 343 is indistinguishable from the instant case and I heartily endorse the reasoning in the Henderson case. Accordingly, I hold that the principal creditor's settlement of the state court action did not extinguish defendant's debt to the United States which was created when the United States made payment to the principal creditor pursuant to its guarantee.

Defendant's claim of equitable estoppel is based on a letter from the Veterans Administration reading as follows:

"* * * Your loan was guaranteed 50% by the Veterans Administration, and the Bank was reimbursed an adjusted 50% of the loan balance in the amount of $1766.38. This figure, plus interest at 4%, represents your indebtedness to the government. The difference between $3369.38 and $1766.38 is still outstanding, and is your debt to the lender.

"In advising that you owe them $3369.38 the Bank is acting in behalf of the government in an effort to effect collection of the gross indebtedness, which, if collected, would liquidate your deficiency to them and your debt to the government.

"Your request for waiver of collection of the amount you owe the government has not yet been presented to our Committee on Waivers and Compromises; but regardless of the decision rendered, the lender can continue its collection efforts for the amount of its unpaid principal balance, approximately 50% of $3369.38 * * *."

This letter makes it abundantly clear that there are two independent debts—one owing to the principal creditor and the other owing to the United States. There is no estoppel here.

Defendant's motion for summary judgment is denied.