**UNITED STATES of America,**
**Plaintiff,**

v.

**Saul H. KASSAN, Defendant.**
**Civ. No. 368–61–MC.**

United States District Court
S. D. California,
Central Division.
July 25, 1962.
As Amended Aug. 28, 1962.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief, Civil Division, Robert A. Smith, Ass't. U. S. Atty., Los Angeles, Cal., for plaintiff.

Brown & Brown, by Maynard J. Brown, Los Angeles, Cal., for defendant.

TAVARES, District Judge.

Plaintiff, the United States, brought suit against the defendant, Saul H. Kassan, under 28 United States Code § 1345 to recover $822.84 plus interest at 4% per annum, which sum of $822.84 was alleged to have been paid by the Veterans Administration to The First National City Bank of New York, hereinafter called the "Bank" on a guarantee of a veteran's loan made by the Bank to defendant and upon which defendant allegedly defaulted. The guarantee was issued pursuant to the Servicemen's Readjustment Act of 1944, as amended[1], hereinafter called the "Act".

The complaint was amended, after trial, to conform to the proof so as to allege that the Veterans Administration guaranteed payment of 15% of the total loan of $7,000.00.

### FINDINGS OF FACT

From the pleadings, Pre-Trial Order, admissions, stipulations of the parties and the exhibits and other evidence, the court finds the essential facts to be as follows:

1. On or about June 13, 1952, defendant, a veteran eligible under the Act, borrowed $7,000 from the Bank on a promissory note in that amount, payable with interest at 5.7% per annum, in instalments of $134.36 monthly. Fifteen percent of the amount payable under this note was guaranteed by the Veterans Administration pursuant to the Act. On June 13, 1953, defendant defaulted in his payments of principal and interest then due.

1. Now 38 U.S.C.A. § 1801 et seq.

2. As a result, the Veterans Administration was required, under the terms of its guaranty, to pay to the Bank, and, on July 13, 1955, did pay $822.84 on account of the defaulted balance of defendant's loan.

3. Meanwhile, the defendant filed, on June 21, 1954, two petitions in bankruptcy—one under his personal name, and the other under the name of Coronet Cleaners, Bankruptcy Nos. 61681 and 61680. The bankruptcy petitions in both cases listed the Bank as a creditor, but not the Veterans Administration as a contingent creditor, and there is no evidence that the Veterans Administration had notice or actual knowledge prior to the discharge in bankruptcy, of this bankruptcy. In both bankruptcy matters defendant was discharged on August 19, 1954.

4. This action was commenced by plaintiff on March 29, 1961, more than 7 years, 9½ months after the default date, more than 6 years, 9 months after the filing of the bankruptcy petitions, more than 6 years, 7 months after the discharges in bankruptcy, and more than 5½ years after the payment by the Veterans Administration of the guaranteed amount sued for.

## CONCLUSIONS OF LAW

From the foregoing facts, the court makes the following conclusions of law:

■■ 1. The defense of laches, set up by the defendant, is inapplicable here, this being an action which would have been at law, before the Rules of Civil Procedure did away with the distinction, for purposes of pleading, between law and equity. Furthermore, the defense of laches, even in matters of equity, does not lie against the United States. United States v. Summerlin (1940), 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283.

■ 2. The defense of discharge in bankruptcy, raised by defendant, is not well taken, since the Veterans Administration, to which the defendant was and is indebted, was not listed as a contingent creditor in the bankrupt's Schedule A in either bankruptcy matter, Bankruptcy Act, Section 7, sub. a(8), 11 U.S.C. § 25, sub. a(8), and no notice or actual knowledge is proved by defendant, Bankruptcy Act, § 17, sub. a(3), 11 U.S.C. § 35, sub. a(3).

■ 3. The plaintiff's claim is not barred by the statute of limitations of the State of California. United States v. Summerlin, supra, p. 416.

■ 4. The further defense that foreclosure on the security is a prerequisite to suit on a promissory note, it appearing that a chattel mortgage was in part involved in the instant loan, is also not well taken. Even if such a defense would be ordinarily applicable to the Veterans Administration in the event suit were brought on the promissory note itself, the government maintains, and this court finds, that this action is premised, not on the promissory note, but on the direct liability raised by the applicable federal statutes and regulations. Thus, 38 U.S.C. § 1803(c) (1) provides that loans guaranteed by the Veterans Administration,

" * * * shall be payable upon such terms and conditions as may be agreed upon by the parties thereto, subject to the provisions of this chapter and regulations of the Administrator issued pursuant to this chapter * * * ".

38 C.F.R. § 36.4323(e), a regulation issued by the Veterans Administration pursuant to the above quoted statute, provides as follows:

"Any amounts paid by the Administrator on account of the liabilities of any veteran guaranteed or insured under the provisions of * * [38 U.S.C. Chapter 37] shall constitute a debt owing to the United States by such veteran."

Under this statute and regulation, which were in effect when the loan was made and guaranteed by the Veterans Administration, the defendant is directly liable to the United States, independently of the promissory note itself, for making good the amount paid by the

Veterans Administration on its guarantee.

This Court thus agrees with the unreported decision of United States District Judge H. H. Grooms, dated August 31, 1959, in United States v. Davis, Civil No. 8847, in the United States District Court for the Northern District of Alabama, Southern Division, which cites, among other authorities, McKnight v. United States (1958), 9th Cir., 259 F. 2d 540; United States v. Jones (1957), D.C., Ga., 155 F.Supp. 52; United States v. Gallardo (1957), D.C., Cal., 154 F. Supp. 373; and United States v. Henderson (1953), D.C., Iowa, 121 F.Supp. 343. See, also, United States v. Shimer (1961), 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908.

█ █ 5. The defendant's contention that the statute does not authorize the regulations to go so far as to raise this direct liability to repay and that the regulations consequently are not valid, as allegedly going beyond the basic statutory authority therefor, is likewise unsound. Besides the perfectly sound ground that, where the United States or an agency thereof is authorized to guarantee or insure loans under regulations to be adopted, there is clearly implied authority to provide by regulation for indemnification by the beneficiary, we have the further ground that for many years these regulations have been in force and undoubtedly have come under congressional scrutiny and there has been no indication of congressional disapproval. Rather, by adopting subsequent amendments and codifications to the previous law, Congress has apparently impliedly approved these regulations. However, it is unnecessary to go even so far as the foregoing, for it is clear that the defendant, having requested and accepted the benefits of the Act and regulations, is estopped to claim this invalidity. Tovrea Packing Co. v. Live Stock Sanitary Board of Arizona (1934), 44 Ariz. 151, 34 P. 2d 420; Wong v. Public Utilities Commission of the Territory of Hawaii (1936), 33 Hawaii 813.

6. The court finds that the plaintiff is entitled to recover the amount of $822.84 sued for, together with interest from date of payment, July 13, 1955, at 4% per annum and costs.

Let judgment be entered accordingly. Counsel for plaintiff will prepare a judgment.