**MT. VERNON COOPERATIVE BANK,**
**Plaintiff,**

v.

**John F. GLEASON, Administrator of**
**Veterans Affairs, Defendant.**

**Civ. A. No. 64–601.**

United States District Court
D. Massachusetts.

Feb. 28, 1966.

Timothy H. Donohue, Sherburne, Powers & Needham, Boston, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., John Paul Sullivan, Asst. U. S. Atty., Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action for declaratory and injunctive relief which had been brought in the Suffolk Superior Court and removed to this court pursuant to 28 U.S.C. § 1442(a) (1). The plaintiff seeks a declaration that the defendant is not entitled to recover money paid to plaintiff pursuant to a Loan Guaranty Certificate which had been issued on the basis of forged instruments. The parties have

stipulated the facts and both sides moved for summary judgment.

Some time during the month of February 1959, according to the stipulation, two persons who identified themselves as Harry and "Charlie" Gilmore and who purported to be husband and wife, appeared at the offices of the plaintiff Bank and applied for a loan which was to be secured by a mortgage on a house in Dorchester, Massachusetts, that they intended to purchase. Gilmore had in his possession a "certificate of eligibility" to apply for a loan guaranty from the United States under the provisions of Title 38, U.S.C. § 1801 et seq.

The plaintiff obtained a credit report on Gilmore and, on March 18, 1959 wrote to the Veterans Administration, enclosing an application for guaranty, a certificate of reasonable value, a copy of the purchase and sale agreement, a copy of the credit report and the certificate of eligibility, and requesting that the Veterans Administration issue a Loan Guaranty Certificate pursuant to 38 U.S.C. § 1802(c). The Certificate ultimately issued, the plaintiff loaned the Gilmores $11,000 and the Gilmores gave the plaintiff a note and a mortgage on the premises. After paying three monthly installments they defaulted on the note.

The plaintiff eventually foreclosed its mortgage and acquired the property for $1,000 at the foreclosure sale; and on May 26, 1960 the Veterans Administration paid to plaintiff the sum of $6,490.44, the full amount owing under its guaranty.

More than three years later, on July 9, 1963, the plaintiff received a letter from the Veterans Administration demanding return of the money paid under the guaranty of the Gilmore loan, as the application for loan and loan closing statement were forgeries. Then, the plaintiff learned that the person posing as Harry Gilmore was, in fact, Henry Alfred Hopkins, that Hopkins was not a veteran, that he had stolen the real Gilmore's discharge papers and that he had obtained the certificate of eligibility by using the stolen discharge papers.

The plaintiff denied liability for return of the money and, on December 18, 1963, was advised by the Veterans Administration that the latter had withheld the sum of $847.79 due plaintiff under a guaranty completely unrelated to the Gilmore matter, and applied it to the liability claimed in the Gilmore guaranty.

The applicable statute, 38 U.S.C. § 1821, provides as follows:

"Any evidence of guaranty or insurance issued by the Administrator shall be conclusive evidence of the eligibility of the loan for guaranty or insurance under the provisions of this chapter and of the amount of such guaranty or insurance. Nothing in this section shall preclude the Administrator from establishing, as against the original lender, defenses based on fraud or material misrepresentation. The Administrator shall not, by reason of anything contained in this section, be barred from establishing, by regulations in force at the date of such issuance or disbursement, whichever is the earlier, partial defenses to the amount payable on the guaranty or insurance."

And the regulations promulgated thereunder, provide

"Subject to the incontestable provisions of section 511 (Pub.Law 864, 80th Congress) as to loans guaranteed or insured on or subsequent to the effective date thereof, July 1, 1948, there shall be no liability on account of a guaranty or insurance, or any certificate or other evidence thereof, with respect to a transaction in which a signature to the note, the mortgage, or any other loan papers, or the application for guaranty or insurance is a forgery; or in which the certificate of discharge or the certificate of eligibility is counterfeited, or falsified, or is not issued by the Government."

Two issues are presented by the motions—whether this regulation is consistent with the governing statute and, therefore, valid; and, if so, whether it

is applicable to the facts of this controversy.

■ Administrative regulations are valid and have the force of law unless "plainly and palpably inconsistent" with the governing statute. Boske v. Comingore, 177 U.S. 459, 470, 20 S.Ct. 701, 44 L.Ed. 846 (1900). There is nothing inconsistent between the statutory authority to the Administrator to establish "as against the original lender, defenses based on fraud or material misrepresentation" and the regulation denying liability "with respect to a transaction in which a signature to the note, the mortgage, or any other loan papers, or the application for guaranty or insurance is a forgery." Forgery includes an element of fraud. See e. g. 18 U.S.C. §§ 477, 478, 479, 480, 482, 483, 499, or 500.

■ Apart from the fact that the statute and regulation are, by their terms, clearly consistent, Congress has, at least, impliedly approved the regulation. An affidavit of the Deputy Associate General Counsel of the Veterans Administration indicates that the appropriate Congressional Committee had before it for study and consideration all regulations of the Veterans Administration prior to the codification and reenactment of Title 38 in 1958. Reenactment by Congress of a statute gives a presumption of Congressional approval of the regulations previously issued thereunder. Allen v. Grand Central Aircraft Co., 347 U.S. 535, 545, 74 S.Ct. 745, 98 L.Ed. 933 (1954); Helvering v. Winmill, 305 U.S. 79, 83, 59 S.Ct. 45, 83 L.Ed. 52

(1938), United States v. Kassan, 208 F. Supp. 858 (S.D.Calif.1962). Thereafter, no change was made in this regulation to the time of the issuance of the instant Loan Guaranty Certificate, and the subsequent amendment, to the introductory text, is not, in any event, material.

■ One additional ground for denying the defense of invalidity of the regulation exists. The guaranty issued pursuant to the Act "and the regulations effective thereunder," and the plaintiff accepted it on those terms. United States v. Kassan, supra at 861; McKnight v. United States, 259 F.2d 540, 543 (9th Cir. 1958).

The plaintiff argues also the invalidity of section 36.4325(c),* but that subsection is not, in my view, applicable, nor does the Administrator rely on it to support his claim.

■ The plaintiff further urges that neither the statute nor any regulation gives the Administrator a right of action to recover any amount paid before discovery that forgery had been involved in obtaining the loan originally. In this action the Administrator is the defendant and properly raises the defense of forgery to the plaintiff's claim. Since this court has held the regulation to be consistent with the governing statute and, therefore, valid, it necessarily follows that the plaintiff is not entitled to the relief sought herein.

The plaintiff's motion for summary judgment is denied.

Judgment is to be entered for the defendant.

---

* "If after the payment of a guaranty or an insurance loss, or after a loan is transferred pursuant to § 36.4318(a), the fraud, misrepresentation or failure to comply with the regulations in this subpart as provided in this section is discovered and the Administrator determines that an increased loss to the government resulted therefrom the transferor or person to whom such payment was made shall be liable to the Administrator for the amount of the loss caused by such misrepresentation or failure."