UNITED STATES of America
v.
Clyde Lee ROBISON.
No. P-2892.

United States District Court
S. D. Illinois, N. D.

Dec. 1, 1967.

James P. Hatcher, Asst. U. S. Atty., for plaintiff.

Rudolph J. Westphal, Peoria, Ill., for defendant.

OPINION AND JUDGMENT ORDER

ROBERT D. MORGAN, District Judge.

This is a civil suit submitted to the court without a jury on stipulated facts. The facts may be summarized as follows:

In November, 1959, the defendant Clyde Lee Robison mortgaged to the Des Moines Savings and Loan Association of Des Moines, Iowa, residential real property at 1722 21st Street, in that city, to secure a $12,200 loan. Mr. Robison had applied for and received a Veterans Administration guarantee of payment of said loan to the Association to the extent of $7,300. In February, 1962, Mr. Robison filed a voluntary petition in bankruptcy in the Southern District of Iowa and discharge was issued in that proceeding in April, 1962.

Defendant scheduled in his bankruptcy an indebtedness of $11,930.68 to the Des Moines Savings and Loan Association

and scheduled said Association as a secured creditor in that amount. The Veterans Administration was not mentioned in the bankruptcy schedule, received no notice of the pending bankruptcy, and had no actual knowledge of it. Defendant also listed the real property, subject to the mortgage, as an asset; but on March 16, 1962, the Trustee in bankruptcy, or order of the Referee, abandoned said real estate as a burdensome asset in said proceedings.

From December, 1959, to May, 1964, the defendant (or the tenant to whom he had vacated the premises) made regular monthly payments to the Des Moines Savings and Loan Association. In May, 1964, the payments stopped, and the Association foreclosed its mortgage.

After entry of decree in the Association's favor, the property was sold in December, 1964, for $10,000. As total indebtedness on the loan was $12,074.76, the Association claimed the deficiency of $2,074.76 from the Veterans Administration on its guarantee. The Veterans Administration paid that sum in April, 1965; and here seeks to recover its payment with statutory interest, less credits of $48.82, from defendant.

The sole legal question presented is whether the April, 1962, discharge in bankruptcy discharged the defendant's obligation of indemnity to the Veterans Administration. The court is satisfied that it did not.

■ First, there was no provable debt owed by defendant to the United States at the time of his discharge in bankruptcy in April, 1962 because nothing was paid by the Veterans Administration on behalf of the defendant until April, 1965, three years after his discharge in bankruptcy. The debt here involved arose only when it became necessary for the Veterans Administration to pay the deficiency. 38 C.F.R. § 36.4323(e).

■ Second, the Veterans Administration was not notified of the bankruptcy proceedings, and any debt to it, contingent or otherwise, could not therefore have been discharged under § 17(a) of the Bankruptcy Act which clearly makes notice a prerequisite to discharge.

"A discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; * * *." Title 11 U.S.C.A. § 35.

■ Third, the defendant failed to schedule the Veterans Administration as a contingent creditor, as he was required to do by § 7(a) of the bankruptcy statute:

"The bankrupt shall * * * (8) prepare, make oath to, and file in court * * * a schedule of his property, showing the amount and kind of property, the location thereof and its money value, in detail; and a list of all his creditors, including all persons asserting contingent, unliquidated, or disputed claims, showing their residences or places of business * * *." Title 11 U.S.C. § 25.

In a well-considered case directly in point, the United States District Court for the Southern District of California has held:

"The defense of discharge in bankruptcy, raised by defendant, is not well taken, since the Veterans Administration, to which the defendant was and is indebted, was not listed as a contingent creditor in the bankrupt's Schedule A * * * and no notice or actual knowledge is proved by defendant * * *." United States v. Kassan, D.C., 208 F.Supp. 858, 860 (1962).

To hold otherwise would permit the defendant to profit by his failure to comply with the explicit provisions of the Bankruptcy Act.

■ Whether the proper scheduling of a contingent liability could discharge a debt unliquidated at the time of

discharge, as defendant's counsel argues, is not really before the court. Defendant's counsel also argues that "Des Moines Savings and Loan Association owed the duty to the Defendant and the Veterans Administration to notify them of this serious change of his financial condition." Even if the Association did owe such a duty to the parties to this suit, its failure to discharge that duty cannot prejudice the Veterans Administration's rights against the defendant.

For the reasons stated above, judgment in favor of the plaintiff is ordered in the amount of $2,241.09 plus costs of suit as prayed in the complaint.