**UNITED STATES of America, Plaintiff,**

v.

**Hilton A. GUZMAN, Defendant.**

**No. 66-C-95.**

United States District Court
E. D. Wisconsin.

Jan. 15, 1968.

James B. Brennan, U. S. Atty., Roch Carter, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

H. R. George, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On September 28, 1961, the defendant, Hilton A. Guzman, procured a loan for $4,600 from the Home Savings and Loan Association. This loan was guaranteed by the veterans administration to the extent of $2,700. On March 1, 1962, the defendant defaulted on the loan, and on April 4, 1963, he filed a voluntary petition for bankruptcy in this district. The defendant received a discharge in bankruptcy on September 18, 1963. (File 63–B–694, E.D.Wis.).

On December 18, 1963, the veterans administration paid Home Savings and Loan Association the sum of $1,373.97 on its guarantee. The United States now seeks reimbursement from the defendant in the sum of $1,302.02, which equals the amount paid to Home Savings and Loan, minus certain authorized credits.

The case is now before the court on the government's motion for summary judgment pursuant to rule 56. The defendant in his answer to the complaint denies owing any money to the plaintiff. He asserts that the plaintiff's claim was discharged in the bankruptcy proceedings. The government, in its supporting brief, contends that while Home Savings and Loan Association was listed as a creditor on the bankruptcy schedules, the United States was not listed as a contingent creditor. Therefore, the government maintains, its claim was not discharged by bankruptcy.

■ Under rule 56, a motion for summary judgment must be resolved against the movant if any doubt remains as to the existence of a genuine issue of material fact. Moutoux v. Gulling Auto Electric, Inc., 295 F.2d 573 (7th Cir. 1961). The court reads the answer of the defendant as not contesting the facts underlying the government's claim, but raising a defense of discharge. Thus, the material fact crucial to the disposition of the present motion is whether the United States was listed as a contingent creditor in defendant's bankruptcy proceedings. An inspection by the court of defendant's bankruptcy file indicates no such listing of the United States. Since there is no genuine issue as to any material facts, the case is a proper one for disposition by summary judgment.

The case of United States v. Kassan, 208 F.Supp. 858 (S.D.Cal.1962), considered the question of whether the government, under circumstances comparable to those at bar, still maintains its claim against the defendant. In the *Kassan* Case, the court stated, at p. 860:

"The defense of discharge in bankruptcy, raised by defendant, is not well taken, since the Veterans Administration, to which the defendant was and is indebted, was not listed as a contingent creditor in the bankrupt's Schedule A * * *"

■ It is this court's opinion that the defendant's debt to the government was not discharged as a result of his bankruptcy proceedings.

It is therefore ordered that summary judgment in the amount of $1,302.02, plus interest from March 1, 1962, and costs shall be granted in favor of the United States against Hilton A. Guzman.