**UNITED STATES of America,**
**Plaintiff,**

v.

**Isidore SCHEINER, Defendant.**

**No. 67 Civ. 2050.**

United States District Court,
S. D. New York.

Jan. 24, 1970.

---

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for the United States; Peter R. DeFilippi, Asst. U. S. Atty., of counsel.

Esterman & Esterman, New York City, for defendant.

## MEMORANDUM

BONSAL, District Judge.

Defendant Isidore Scheiner moves pursuant to F.R.Civ.P. 60(b) to vacate the default judgment entered against him in this action on October 2, 1968 in the amount of $4,203.05, on the grounds that no valid service was made upon him, and that he has valid defenses to the action.

This is an action on a debt. On February 24, 1958, defendant executed a promissory note in the amount of $4,-237.50 to the order of the Chase Manhattan Bank to secure an interest-bearing loan of $4,000 made by the bank to defendant. The loan was insured by the Administrator of Veterans' Affairs of the Veterans' Administration ("VA") pursuant to Section 508 of Title III of the Servicemen's Readjustment Act of 1944, as amended, 59 Stat. 630 (presently reenacted as 38 U.S.C. § 1815).

On July 24, 1958, defendant defaulted on his monthly installment payments on the loan, and on October 3, 1958, defendant filed a petition in bankruptcy in this district; in his schedule of debts he listed the loan from the Chase Manhattan Bank, but not his contingent debt to the Veterans' Administration.[1] On March 6, 1959, defendant was discharged.

---

1. The Administrator is empowered to make rules and regulations to carry out the laws administered by the VA, 38 U.S.C. § 210(c), and the applicable regulation provides:

"Any amounts paid by the Administrator on account of the liabilities of any veteran guaranteed or insured under the provisions of 38 U.S.C. Ch. 37 (which includes § 1815) shall consti-

On July 22, 1959, the VA, pursuant to 38 U.S.C. § 1816, which provides for indemnification of lenders, paid the Chase Manhattan Bank $2,975.17 on the assignment and transfer to it of the note held by the bank. Defendant thereupon became indebted to the VA for that amount, 38 C.F.R. § 36.4323(e).

On May 25, 1967, the government commenced an action against defendant to recover the amount paid by it.[2] The return on the summons states that:

"* * * on June 3, 1967, at 1475 Montgomery Ave Bronx, N.Y., I served the [summons] on the within-named defendant Isidore Scheiner by delivering to and leaving a copy thereof, together with a copy of the Complaint, with Mrs. Isidore Scheiner, wife who would not open door & requested that I put process under door. Party who identified herself as Mrs Scheiner pulled process into apt but did not speak loud enough for me to get her first name."

Defendant failed to respond to the summons and complaint, and on October 2, 1968, a default judgment against him in favor of the government was entered in the amount of $2,955.17, plus interest, costs, and disbursements, for a total of $4,203.05.

Defendant contends that the service described in the marshal's return was invalid, and also denies that it was made.

*Validity of Service*

■ F.R.Civ.P. 4(d) provides:

"(d) *Summons: Personal Service.* The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons

and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein * * *."

Defendant does not contend that 1475 Montgomery Avenue in the Bronx was not his "dwelling house or usual place of abode" on June 3, 1967, nor that his wife was not "some person of suitable age and discretion then residing therein." Service upon defendant's wife at defendant's residence was valid under F.R.Civ.P. 4(d) (1), Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), and its validity is not affected by the fact that it did not also comply with the requirements of New York CPLR § 308, Hanna v. Plumer, *supra*.

*Whether Service was Made*

■ Defendant in his affidavit in support of the motion states that the first notice he had of this action was when the default judgment was served on him on August 15, 1969, and defendant's wife in her affidavit in support of the motion denies that she was ever served with the summons and complaint. Defendant contends that the default judgment ought therefore to be vacated, or that there at least ought to be a hearing on the question of service.

In Moore's Federal Practice it is stated that:

"While the return of a United States marshal is entitled to great weight and authority, it may be controverted upon an adequate showing." 2 Moore's Federal Practice ¶ 4.43 at 1295.4 (2d ed. 1964).

and in Halpert v. Appleby, 23 F.R.D. 5 (S.D.N.Y.1958), Judge Dimock stated that:

"It would be highly inconvenient and, indeed, demeaning to the dignity of the court and its officers if a defendant, by a mere denial, could force

---

tute a debt owing to the United States by such veteran." 38 C.F.R. § 36.4323 (e).

2. For some unexplained reason, the amount claimed in the complaint and the default judgment is $20 less than the amount paid.

the plaintiff to take the deposition of the marshal in support of his official return."

and he concluded that:·

"I therefore adopt the rule that the marshal's return may be impeached but only by strong and convincing evidence. The unseemly inquiry into the truth of the official certificate need not be pursued unless an almost irrefragable case is presented against it." 23 F.R.D. at 6.

Defendant's affidavits do not amount to clear and convincing evidence, far less "an almost irrefragable case," and are insufficient to impeach the marshal's return or require a hearing. Compare Hicklin v. Edwards, 226 F.2d 410 (8th Cir. 1955).

As additional grounds for vacating the default judgment, defendant contends that he has valid defenses to the action, because the statute of limitations had run before this action had commenced, and because his discharge in bankruptcy discharged him from any liability to the VA.

*Statute of Limitations*

■ The applicable statute of limitations is 28 U.S.C. § 2415, which provides a 6-year limitation period on actions "for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact" and further provides in subsection (g) that:

"Any right of action subject to the provisions of this section which accrued prior to the date of enactment of this Act shall, for purposes of this section, be deemed to have accrued on the date of enactment of this Act."

This provision was enacted on July 18, 1966, Pub.L. 89–505, 80 Stat. 304. Accordingly, this action, brought less than

one year later, is not time-barred. United States v. Sabine Towing and Transportation Co., 289 F.Supp. 250 (E.D.La. 1968).

*Discharge in Bankruptcy*

■ Unless defendant scheduled the VA as a contingent creditor, or the VA had "notice or actual knowledge" of defendant's bankruptcy proceedings, defendant is not discharged by virtue of the discharge of his obligation to the Chase Manhattan Bank. United States v. Robison, 276 F.Supp. 140 (S.D.Ill. 1967); United States v. Kassan, 208 F. Supp. 858 (S.D.Cal.1962).

■ Defendant concedes that the VA was not scheduled as a contingent creditor, but contends that it had "notice or actual knowledge" of the bankruptcy proceedings, and that his debt to the VA was therefore discharged pursuant to Section 17 of the Bankruptcy Act, 11 U. S.C. § 35. Defendant relies on a letter from the VA to defendant dated October 8, 1958. That letter reveals, however, that the VA was aware only of defendant's default, and it specifically states that "In the event the Administrator is called upon to pay a claim on your behalf, you will be liable to the United States Government for any sum so paid." [3] Defendant has offered nothing else which would suggest that the VA had "notice or actual knowledge" of the bankruptcy proceedings.

*Conclusion*

Defendant was validly served with the summons and complaint in this action pursuant to F.R.Civ.P. 4(d) (1), and has not shown that he has any valid defenses. Accordingly, the court declines to exercise its discretion to vacate the default judgment against defendant, and defendant's motion to vacate the judgment is denied.

It is so ordered.

---

3. On the other hand, the letter shows that defendant had notice of the VA's contingent claim within a few days of the filing of his petition in bankruptcy and could have included it in his schedule of debts, so as to give notice to the VA.