**UNITED STATES of America, Plaintiff,**

v.

**John David KIRKLAND and Joanne Kirkland, Defendants.**

**No. 80–743–CIV–EPS.**

United States District Court,
S. D. Florida,
Miami Division.

May 29, 1981.

———

Joseph R. Buchanan, Miami, Fla., for plaintiff.

John David Kirkland and Joanne Kirkland, pro se.

MEMORANDUM OPINION AND ORDER HOLDING DEFENDANTS IN CONTEMPT AND REQUIRING RESTORATION OF PROPERTY

SPELLMAN, District Judge.

THIS CAUSE came before the Court for hearing on Plaintiff's Motion for Contempt and the Court having considered the record in this cause and being otherwise duly advised, finds as follows:

FINDINGS OF FACT

1) An examination of the photographs and sketches attached to the affidavits submitted by the Plaintiff in support of its Motion reveal substantial alteration of the subject property from November 26, 1980, when the Final Consent Judgment was entered, to date. [April 21, 1981 Affidavit of Michael C. Slayton and Inclosures attached thereto].

2) Charles A. Schnepel, an Army Corps of Engineers Biologist, observed digging activity taking place on the site on May 2 and 3, 1981, when he flew over the property. Mr. Schnepel saw the back-hoe cease operation when the plane was in the area. [May 8, 1981 Affidavit of Charles A. Schnepel at ¶¶ 3 & 4].

3) The aerial photographs submitted by the Plaintiff show that additional fill material has been placed in the area since the time of the Final Consent Judgment and the size of the site has materially increased. [April 21, 1981 Affidavit of Michael C. Slayton and Inclosures attached thereto].

4) The Defendants John David Kirkland and Joanne Kirkland have violated the Final Consent Judgment entered by this Court on November 26, 1980 by continuing to dredge and fill on the property described as: SW ¼ of NE ¼ of NW ¼ of SE ¼ of Section 24, Township 55 South, Range 37 East (Parcel # 15), without first obtaining proper Army Corps of Engineers permits for such work or obtaining a determination by the Court that no such permits are required. [April 21, 1981 Affidavit of Michael C. Slayton and Inclosures attached thereto; May 8 and 28, 1981 Affidavits of Charles A. Schnepel].

5) The Defendants John David Kirkland and Joanne Kirkland have violated the Final Consent Judgment entered by this Court on November 26, 1980 by failing to submit an application for an after-the-fact permit for all fill existing as of November 26, 1980 and additional work accomplished thereafter. [April 9, 1981 Affidavit of Lawrence C. Evans; April 21, 1981 Affidavit of Michael C. Slayton]; nor have the Defendants obviated the need for submission of an application by obtaining a determination by the Court that no such permits are required.

6) On May 21, 1981 at 5:23 o'clock P.M. the Defendants John David Kirkland and Joanne Kirkland were personally served with this Court's Order Setting Hearing on Motion for Contempt entered on May 18, 1981, when Charles A. Schnepel handed a certified copy of same to Joanne Kirkland. [May 26, 1981 Affidavit of Charles A. Schnepel]. See Federal Rule of Civil Procedure 5(b); see also United States v. Scheiner, 308 F.Supp. 1315 (S.D.N.Y.1970).

7) Both Defendants failed to avail themselves of the opportunity, either by written response or by appearing at the May 28, 1981 hearing, to show cause why they should not be held in contempt.

Whereby, it is

ORDERED AND ADJUDGED as follows:

1) The Defendants John David Kirkland and Joanne Kirkland are hereby held in contempt of this Court for failure to comply with its orders as stated hereinabove.

2) Based on the above findings, the Defendants are hereby ordered to pay a fine of one thousand dollars ($1,000.00) to the Clerk of this Court no later than 12:00 o'clock NOON on the fourteenth (14th) day following service of this Order upon them. In the event the fourteenth day falls on a Saturday, Sunday or holiday, said penalty must be paid by 12:00 o'clock NOON on the following Monday.

3) The United States Marshal is hereby directed to serve certified copies of this Order or the Defendants John David Kirkland and Joanne Kirkland. In view of the fact that the Defendants are husband and wife and reside together, for the purpose of these proceedings, personal service on either of the Defendants shall constitute service upon the other Defendant as well.

4) The Defendants shall commence restoration of the property described hereinabove within ten (10) days after service of this Order upon them as set forth in Paragraph 3 above. On the fifteenth (15th) day after such service, the Defendants shall be and appear before the undersigned Judge at 9:00 o'clock A.M., United States Courthouse, 300 N.E. First Avenue, Miami, Florida, in the North Courtroom. In the event the fifteenth day falls on a Saturday, Sunday or holiday the Defendants shall appear on the following Monday at the time and place set forth above. At that time the following will transpire:

A) In the event restoration has been commenced in accordance with this Order, the Defendants shall be prepared to present under oath a viable timetable required to complete the work; and to show good cause why said restoration could not be completed within forty (40) days of commencement thereof.

B) In the event restoration has not been so commenced in accordance with this Order, the Defendants shall be required to show good cause why they should not be held in contempt of this Order and immediately incarcerated for a period of thirty (30) days and fined five hundred dollars ($500.00) per day for a period of thirty (30) days; or for such lesser period of time of imprisonment and fine as is required before the Defendants purge themselves of their contempt by agreeing to comply with the restoration order and presenting a timetable for completion thereof.

5) "Restoration" as contemplated by Paragraph 4 above means restoring the property to the condition it was in at the

time of the November 26, 1980 Final Consent Judgment; and said definition is without prejudice to the Plaintiff seeking compliance with Section VII of the Final Consent Judgment based upon the Defendants' failure to have sought permits within the time specified in the Judgment or to obtain a determination from the Court that no such permits are required.

6) Upon completion of the restoration, the Defendants shall inform the undersigned Judge that the work has been accomplished; and qualified representatives of the Army Corps of Engineers shall be permitted to enter upon the land for the purpose of conducting an inspection to determine whether the restoration is acceptable.